Wilson *et al. v.* Piper *et al.*

No. 8448.

## WILSON ET AL. *v.* PIPER ET AL.

SPECIAL JUDGE.—*Jurisdiction.*—Where, upon change of venue for objection to the judge, an attorney is appointed to try the cause, and enters upon that duty, he will not lose jurisdiction to try it because of a continuance, if at the time appointed he presents himself and proceeds with it.

PRACTICE.—*Bill of Exceptions.*—To raise a question in the Supreme Court upon the action of the court below in overruling a motion to strike out a pleading, a bill of exceptions is necessary.

WILL.—*Charge on Land.*—*Notice.*—A testator devised his real estate and personal property to a son, "on condition that he pay to M. (a grand-daughter) one thousand dollars when she reaches the age of twenty-one years, or marries." The will was admitted to probate, and duly recorded. Afterwards the son conveyed the land to W., who immediately conveyed it to the son's wife. Subsequently the wife and her husband joined in a conveyance of it to their infant children, in consideration of natural love and affection and one dollar. After her marriage M. sued to enforce a lien on the land for her legacy, alleging the son's insolvency.

*Held,* that the son took the land charged with the legacy, which could be enforced by suit.

*Held,* also, that the will, being duly proved and recorded, was notice to everybody, and that neither the wife, infant children, nor W., the intermediary, were innocent purchasers, without notice.

From the Washington Circuit Court.

*S. B. Voyles, A. B. Collins* and *H. Morris,* for appellants.
*H. Heffren* and *J. A. Zaring,* for appellees.

BICKNELL, C. C.—This was a suit to construe a will and have a legacy declared a lien upon land. Mitchell Wilson died in 1871, seized of the land; by his last will, dated in 1869, he gave a legacy to his grand-daughter Maria. John D. Wilson, a son of the testator, was appointed the executor of the will, and he was the principal devisee and legatee.

On the 24th of October, 1874, the said John D. Wilson and Mary, his wife, conveyed the land to Alonzo Wilcox, who on the same day reconveyed it to the said Mary, and she and her husband, on the 19th of May, 1879, after this suit was brought, conveyed the land to their four minor children, in

consideration of love and affection and one dollar. The grand-daughter Maria intermarried with Nathaniel Piper in December, 1878. She and her husband, in March, 1879, commenced this suit, which, after several changes in the pleadings, was reduced to a single paragraph of complaint against John D. Wilson and wife. The complaint set forth a copy of the will, and alleged that the land was thereby devised to John D. Wilson, on condition that he should pay said Maria $1,000 on her coming of age, or on her marriage; that the plaintiffs were married, and that said John D. Wilson, instead of paying said legacy, conveyed the land to Wilcox who reconveyed it to said Mary Wilson; that the entire personal estate of the testator did not exceed in value $250; that said legacy, although often demanded, has never been paid; that the land was worth $8,000; that said John D. Wilson is insolvent and without any property of which the legacy can be made. The complaint prayed for judgment for $1,500, and that the same be declared a lien on said land, and for other proper relief.

At the April term of the court, 1879, the parties appeared, and, the judge of the court being disqualified, the cause, by agreement of the parties, was set for trial before an attorney on the 22d day of April, 1879. On that day the attorney appeared, was duly sworn and took jurisdiction of the cause; after some pleadings and motions the cause was continued until the next term; at the next term the attorney again appeared and the cause was again continued and set for trial before said attorney on the 11th of November, 1879, on which day the attorney came again.

In the mean time, in October, 1879, in vacation, the plaintiffs had filed a supplemental complaint alleging the death of the said Mary Wilson and the appointment of Asher S. Wilcox as her administrator with will annexed, and that before her death she and her husband had conveyed the land to their four minor children, who, with said administrator, were by said supplemental complaint made parties to the suit.

The cause proceeded before said attorney as special judge, a guardian *ad litem* was appointed for the infants, and finally the adult defendants, and the minors by guardian *ad litem*, filed answers in denial of the supplemental complaint. The cause was already at issue between the plaintiffs and said Mary Wilson upon a general denial of the complaint, and a third paragraph of answer which averred that said Maria was under age and was not the lawful wife of her co-plaintiff because he was insane at the time of the alleged marriage and has been insane ever since.

The issues were tried by the court without a jury; there was a finding for the plaintiffs, that there was due to said Maria on account of said legacy, $1,050; that the said John D. Wilson was then, and at the commencement of the suit, insolvent; that said sum of $1,050 is a lien on the land, and that, after exhausting the property of said John D. Wilson, the interest of said minor defendants in said land ought to be sold, etc. The defendants moved for a new trial. This motion was overruled, and judgment was rendered upon the finding. All the defendants appealed, except John D. Wilson, who refuses to join in the appeal.

The following are the reasons alleged for a new trial:

1. That the finding is not sustained by sufficient evidence;

2. That the finding is contrary to law;

3. That the court admitted improper evidence in allowing marriage to be proved by persons who were present at the ceremony and saw the parties married.

The appellants assign errors as follows:

1. The court erred in overruling Mary Wilson's demurrer to the complaint;

2. The court erred in overruling the demurrer to the supplemental complaint;

3. The complaint does not state facts sufficient to constitute a cause of action;

4. The court had no jurisdiction of the subject-matter of the action ;

5. The court erred in sustaining the demurrer to the second paragraph of Mary Wilson's separate answer ;

6. The court erred in overruling the motion for a new trial.

As to the fourth of these alleged errors, the appellants, in their brief, claim, that, "when the cause was continued at the April term, 1879, it, by operation of law, passed back into the term following, just as if no change of venue had been granted; but the said attorney went upon the bench at the August term and proceeded with this cause, without the same being reassigned to him." No reassignment was necessary. Where the appointee fails to appear, then the case is not discontinued, but is passed to and continued upon the general docket of the court. *Singleton* v. *Pidgeon*, 21 Ind. 118. And then the court may appoint another judge to try the cause. *Glenn* v. *The State, ex rel.*, 46 Ind. 368. In the case at bar, however, the attorney appointed appeared and took jurisdiction, and he never failed to appear. Having taken jurisdiction, he had a right to continue the case to any day. He continued it until the next general term, and at the next general term he appeared and went on with the case. There was no gap or intermission in the proceedings ; nothing in the nature of a discontinuance. He did not lose jurisdiction by continuing the case.

The clerk states that a motion was made to strike out the supplemental complaint, on a special appearance for that purpose, and that said motion was overruled by the court and the defendants excepted, but there is no bill of exceptions showing anything as to such a motion. There is, therefore, no error apparent upon the record in reference to jurisdiction.

The first, second, third and fifth alleged errors present the question, what is the proper construction of the will in controversy ? If the legacy was charged upon the land, then

there was no error in the action of the court below upon the matter now under consideration.

The bequest about which the controversy arises is as follows:

"2. Having deeded to my son John D. Wilson the s. w. ¼ of section 7 in town. 2 north, of range 5 east, I now will to him the n. w. ¼ of section 18 in town. 2 north, of range 5 east, with the appurtenances, to him, his heirs and assigns forever; also all my personal property of every name and character, upon the following conditions, viz. : that he pay to my grand-daughter Maria E., child of John and Mary A. Rodman, when she arrives at the age of twenty-one years or marries, the sum of one thousand dollars; but, in case of the death of my grand-daughter aforesaid before mature age or marriage, it is my will and I direct that my executor shall pay said sum of money mentioned as her portion of my estate to my living children, share and share alike."

The will then provides that in case of John D. Wilson's death, living the testator, the land devised to him should be sold and the proceeds divided equally among the testator's living children, and the children of such as may be dead; the will then appoints said John D. Wilson the executor of the will.

We think the proper construction of the will is, that the testator intended that all the property bequeathed to John D. Wilson should be responsible for the legacy in controversy. He required John D. Wilson to pay the legacy, and gave him the means of doing it. There is no evidence showing what amount of personal property John D. Wilson received as legatee, but the evidence shows that he was insolvent at the time of the trial and for some time before suit was brought. If the land were still in his hands, it would be no defence for him to say that the legacy was chargeable upon the personal property which he had squandered. The lands in his hands would be liable. The will, being duly

proved and recorded, was notice to everybody; neither Alonzo Wilcox, when he took the deed from John D. Wilson and wife, nor Mrs. Wilson, when she took the deed back from Wilcox, were innocent purchasers without notice; their agreement that they would pay the legacy can not affect the plaintiffs. Under the circumstances, the final conveyance by John D. Wilson and wife to their minor children amounts to nothing so far as these plaintiffs are concerned. The proper construction of the will being that the entire property bequeathed to John D. Wilson was the fund out of which the plaintiffs' legacy was to be paid, it follows that there was no error in any of the matters embraced in the first, second, third and fifth specifications of the assignment of errors.

The sixth error refers to overruling the motion for a new trial. We think the evidence fully sustained the finding and was not contrary to law, and there was no error in permitting marriage to be proved by a person who performed the ceremony or by any person who was present and saw the parties married. 2 Greenleaf on Evidence, sec. 461.

The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be, and it is hereby, in all things, affirmed, at the costs of the appellants.