**Lawrence C. Warner et al. v. Henry L. Bullen.**

**Gen. No. 4,499.**

1. LEGACY—*fund from which payable.* The personal estate is the primary fund for the payment of legacies, and a legacy will not be charged upon real estate, unless the will expressly so directs, or unless the intention of the testator that the legacy shall be charged upon real estate may fairly be inferred from the language of the will.

2. LEGACY—*when payment of, charged upon land.* If a devise of land be on condition that the devisee pay a stated sum to another, or

Warner v. Bullen.

provided he pay such sum, or subject to the payment of such sum, or if the devise be in consideration that the devisee make such payment, in every such case the payment of such sum is, by the plain intent of the will, made a charge on the land so devised, unless the will elsewhere direct its payment out of some other fund, or unless the will contain other language showing the testator did not intend the money should be a charge on the land.

3. LEGATEE—*what sufficient to constitute.* Where a will devises land to one party subject to the payment of a sum of money to a second party, such second party becomes a legatee notwithstanding not specifically so made by the terms of the will, and notwithstanding further the devise in question is not accepted by the devisee.

Bill to charge a legacy upon real estate. Appeal from the Circuit Court of Rock Island County; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the April term, 1905. Affirmed. Opinion filed October 25, 1905.

GEORGE W. WOOD and B. F. PEEK, for appellants.

H. A. WELD and ROBERT W. OLMSTEAD, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

The last will of Wilder W. Warner, duly probated, contained eighteen paragraphs, the seventh of which was as follows: " I give, devise and bequeath to my son, Wilmot S. Warner " (describing a half lot in Moline) " provided he pays to Mrs. Lillian Drury, wife of A. R. Drury, the sum of five hundred dollars, this being the total of my bequest to him." There was no other mention of Wilmot Warner or Mrs. Drury in the will. Wilmot refused to accept the devise, and other children took the lot under a residuary clause. Mrs. Drury assigned her interest to Henry L. Bullen. By an amended bill against the residuary devisees he sought to enforce a charge upon said lot of land for the payment of said sum provided in said paragraph for Mrs. Drury. The residuary devisees demurred to the amended bill; the demurrer was overruled; they abided by the demurrer and complainant had a decree, from which the residuary devisees prosecute this appeal.

It is well settled that the personal estate is the primary fund for the payment of legacies, and that a legacy will not be charged upon real estate, unless the will expressly so

directs, or unless the intention of the testator that the legacy shall be charged upon real estate may fairly be inferred from the language of the will. Many reported cases are found where, though the question was disputed, yet the language of the will was such, when carefully considered, that all reasonable minds must agree that the testator meant the legacy to be a charge upon the land. We pass those cases by to consider cases where wills have been construed as to this subject, and where the language more nearly resembles that now before the court.

In Bugbee v. Sargent, 23 Me. 269, the will there construed gave Sarah Hasty $300, to be paid two-thirds by Edward and one-third by Benjamin Sargent in one and two years after they should come into possession of land under the will, and it devised to Edward two-thirds of a certain lot on condition that he pay Sarah Hasty two-thirds of that legacy, and devised to Benjamin the remaining one-third of the lot on condition that he pay the other third of the legacy. The suit was a bill in equity to charge the legacy on the lot. In sustaining the bill the court said : "When an estate is devised on condition of, or subject to, the payment of a sum of money, or where the intention of the testator to make an estate, specifically devised, the fund for the payment of a legacy, is clearly exhibited, such legacy is a charge upon the estate."

In Merrill v. Bickford, 65 Me. 118, the testator gave Bickford a lot of land, and added in the same sentence, "and said Bickford shall pay or cause to be paid to Thomas H. Merrill, my brother, the sum of $60 per year during the natural lives of said Thomas H. Merrill and his present wife." In holding the annuity a charge upon the land devised to Bickford, the court said : "When the same sentence or clause by which the land is devised imposes upon the devisee the duty of paying an annuity or other sum of money, and no other fund is provided out of which the payment is to be made, such annuity or legacy is a charge upon the land; and if the devisee accepts it he takes it subject to such charge."

In Perry v. Hale, 44 N. H. 363, a testator devised his farm to his wife during widowhood and then to his son Edgar, a minor, on condition that he should pay testator's daughter Susan $700 and testator's daughter Mary Ann $800. Edgar's guardian occupied the farm for a time and then a trustee took possession. The widow died. Susan filed a bill to require Edgar to pay her legacy, or that the trustee pay it out of the farm. It was argued in defense that as Edgar was not yet of age he had not accepted the devise. It was held, the legacies were charged on the land whether the devise was accepted and took effect or not. The report of the case does not show legacies to Susan and Mary Ann except in the form above stated.

The will involved in Le Rougetel v. Mann, Exr., 63 N. H. 472, contained this paragraph: "I direct my executor hereinafter named to erect a suitable monument to my memory in Greenwood Cemetery, if the same shall not have been completed during my life, and to place a suitable inscription thereon, and the care of the same I commit to him during his life, intending to devise to him my homestead farm and buildings, also four acres of land in Cedar Swamp and an acre of marsh land as hereinafter provided." Then followed other provisions, and the devise of said lands to the executor. The executor paid the cost of erecting the monument out of the proceeds of other real estate and thereby so reduced the proceeds of said other real estate that there was sufficient left to pay only a part of a certain legacy which the will charged on such other real estate. It was held that it was the intention of the testator as expressed in the will to make the expense of erecting a suitable monument to his memory, and of caring for it during the executor's life, a charge on the land devised to the executor described in the part of the will above quoted. The court further said: "if he had said I give my executor the real estate named, and he is to erect a suitable monument to my memory and care for it during his life, it would not have been more certain."

In Birdsall v. Hewlett, 1 Paige Ch. 32, a testator gave real estate to his widow for life or during her widowhood and after her death or marriage to his nephew James Hewlett in fee, provided he paid legacies mentioned in the will. Then he gave certain legacies and directed that they be paid by his nephew, his heirs, executors or administrators, whenever he or they should come into possession of the premises devised. The devisee and a certain legatee died in the lifetime of the widow. The personal representative of said, deceased legatee filed a bill in equity against the heirs at law of the nephew in possession of the real estate, who refused to pay the legacy. Chancellor Walworth said: "The payment of the legacies is a condition of the devise; and if the devisee or his heirs refuse to accept the devise and pay the legacies, the estate descends to the heirs at law of the devisor; but in equity chargeable with the payment. In this case the devisee, having accepted the devise, was personally liable for the legacies; but they are also an equitable charge upon the estate devised in the hands of the defendants."

In Harris v. Fly, 7 Paige Ch. 421, a testator devised a farm to his son in fee, subject to the life estate of his mother, and gave to each of two daughters $1,000, to be paid to them by said son, the devisee of the real estate, in six annual payments, the first to be made in one year after the death of the mother. There was a residuary devise and bequest to the son after payment of debts and legacies. The son entered into possession, and his interest in the land was sold under execution and purchased by Fly, and Fly obtained a deed from the sheriff and mortgaged the property to Harris. This was a bill to foreclose the mortgage, and one of said sisters and the legal representatives of the other, deceased, claimed a lien on the lands for the payment of the legacies. The court said: "The testator does not in terms create an equitable charge upon the devised premises for the payment of the two legacies to the daughters. But that was not necessary, as the charge of a legacy upon the real estate of the testator, either in aid

of, or in exoneration of, the personalty, may be, and frequently is, created by implication merely. The personal estate is the primary fund for the payment of debts and legacies. * * * But where the real estate is devised to the person who by the will is directed to pay the legacy, it has frequently been decided that such legacy is an equitable charge upon the real estate so devised, although the devisee is also the executor or is the residuary legatee of the personal estate, unless there is something in the will itself to indicate a contrary intention on the part of the testator." Many English and American cases are there reviewed.

In Brown v. Knapp, 79 N. Y. 136, a will gave a grandson of the testator $3,000, and directed the executor to pay it when he attained the age of twenty-one years, and gave another legacy and the life use of some of his land, and then gave the residue of his real and personal estate to his executor, a son. The grandson while under age brought this suit against the executor to recover interest on the legacy. One defense was that the legacy was payable out of the personal estate, and that there was not sufficient personal estate to pay the two legacies. The court held the legacy was chargeable upon the real estate, and said: "When a legacy is given and is directed to be paid by the person to whom real estate is devised, such real estate is charged with the payment of the legacy." The court also said that the payment of the legacy could be enforced either by a suit in equity against the real estate or by an action against the devisee upon the promise to pay, implied by his acceptance of the devise.

In Horning v. Wiederspalen, 28 N. J. Eq. 387, a testator gave his son a house and lot on condition that he pay a legacy of $500 to testator's daughter, Justine Horning, and a legacy of $1,000 to his daughter Elizabeth, the legacy to Justine to be paid in two years after testator's death. If the son died without issue the real estate was to be divided among the remaining children. The son took possession. It was held, he thereby became liable to pay the two lega-

cies, and that they were also charged on the land, and that the legatees were entitled to a decree against the real estate and to a personal decree against the son.

In Luckett v. White, 10 Gill & J. (Md.) 480, a will gave testator's son Otho certain lands, " he, the said Otho, paying to his younger brother not yet baptized one hundred pounds current money of Virginia." There was a devise of other lands to testator's son Valentine with a like provision for his paying one hundred pounds to said younger brother. After he became of age the younger brother filed a bill against subsequent purchasers to have it declared that by the will one hundred pounds was charged in his favor on the lands devised to Otho and a like sum on the lands devised to Valentine. It was held that the gift to be paid by Valentine was a charge on the lands devised to Valentine which a court of equity would enforce, but that as the will had not been proved where the lands devised to Otho were situated, and the purchaser had no notice of the charge, it could not be maintained against those lands in the hands of an innocent purchaser.

In Willett v. Carroll, 13 Md. 459, a testator devised a farm to Sally Maria Willett, and in consideration of this devise, made a charge upon said Sally of $40 annually to be paid to Nicholas Coomes and gave Mary Carroll certain personal property; and in another paragraph said: "I do hereby will and direct that said Mary Carroll shall have a home during her natural life on the farm hereinbefore bequeathed to Sally Maria Willett." It was held, the testator charged the real estate devised to Sally with the payment to Nicholas and with the board and maintenance of Mary.

In Gardenville P. L. Assn. v. Walker, 52 Md. 452, there was a devise of land to testator's son John on condition that he should keep, provide for and support testator's wife during her life, etc. John borrowed money and gave a mortgage on the land, which was foreclosed, and the mortgagee bought it. This was a bill by the widow for an allowance out of the land for her support. It was held that by the will the land was charged with the widow's support and that the

purchaser took subject to the charge.    Donnelly v. Edelen, 40 Md. 117.

In Downman v. Rust, 6 Rand. (Va.) 587, in holding certain legacies a charge on land the court said that every question of a charge on land under a will is a question of intent; that every testator is supposed to intend that his legacies shall be paid, and to have settled in his mind the fund for their payment; and if there be no fund but land, or if there be expressions tending to show that the testator had the land in his mind, the court will turn them upon the land rather than that they shall go unpaid.

In Cockerville v. Dale's Administrator, 33 Gratt. (Va.) 45, the will of John Richards gave his nephew, John Dale, a farm and certain shares of capital stock, "subject however to the full and comfortable maintenance and support of his mother and sister Rosanna during their natural lives to be judged of by my executors hereinafter named," etc., with a devise and bequest over to certain other persons, if John Dale died without lawful issue.    It was held that both the devise and the legacy to John Dale were charged with the support of his mother and sister Rosanna during their natural lives.

In Hogg v. Browning, 47 W. Va. 22, a testator devised one farm to his son George, another to his son William, and a third to his son John, and then said: "I further direct that my three sons George W., William, and John F. Hogg, in consideration thereof, pay the following legacies and bequests, namely;" then followed the names of certain daughters and granddaughters with the sums to be paid each, and directions for appraisers "to appraise the three proportions of land I have given my sons, in order that they may each pay their due proportion of the debts, dues, demands, legacies and bequests herein and above mentioned." It was held that where a testator gives land to a devisee and requires him to pay a legacy, the presumption is he meant the land to be good for the legacy, because he obliged the devisee to pay the legatee; and also that the words "in consideration thereof" showed plainly that the

testator had the land in mind for the payment of the legacies, and in fact looked only to the land.

In Phillips' Exr. v. Stites, 2 Duvall (Ky.), 313, a testator devised to his daughter, Louisa J. Phillips, a certain farm by paying his two grandsons, nephews of said Louisa, $500 each, to be paid as they arrived at the age of twenty-one. Louisa afterwards devised that farm to said nephews and died. They brought suit to recover their $1,000. The court said: "The condition upon which Miss Phillips was to have the land was the payment to her nephews of the $1,000. By declining to take the land she might have avoided the payment of the money, and in that event the legatees must have looked alone to the land for payment. The legacy was a direct charge upon that particular estate; and if they take under her will the whole estate upon which their legacy is a charge, that must be deemed a satisfaction of their claim for the $1,000, in the absence of anything in the will indicating a different intention on the part of the testatrix."

In Carter v. Worrell, 96 N. C. 358 (60 Am. R. 420), a testator gave lands to his son Walter, charged with the support of his widow and infant children and with a legacy; and gave other lands to his son Charles and then directed that Charles "also pay unto my daughter Ida $500 after giving her a good English education, payable in installments as he may think best." The testator did not directly charge this legacy upon any land as he had done in reference to land devised to Walter, but the court held that the testator intended Charles should have the land, charged with $500 in favor of Ida; and one consideration leading the court to this conclusion was the fact that he did not direct the executor to pay it or that it be paid out of his personal estate or out of his estate generally.

In Sistrunk v. Ware, 69 Ala. 273, the court said: "If real estate is devised upon condition to pay a legacy, or with a direction that the devisee pay the legacy in respect to the estate so devised to him, and because the real estate has been thus devised, such real estate is in equity chargeable

with the payment of the legacy, unless there is something
in the will to rebut the legal presumption or from which it
can be inferred that the legal testator intended to exempt
the estate devised from that charge." The court also said :
"The intention to charge the real estate may be expressed
or the charge may be created by fair and just implication.
Whenever it appears satisfactorily that the devise was
given on condition or on the consideration that the devisee
should pay the legacy, the land will be charged."

In Clyde v. Simpson, 4 Ohio St. 445, testator after pro-
viding for the support of his wife, gave his son Moore cer-
tain real estate and all his personal property, with these
words added: "and that my son Moore shall pay to" (nam-
ing certain children and grandchildren and the sums to be
paid each). It was held the legacies were a charge on the
land. In so deciding the court said: "Where the real es-
tate is devised to the person who is directed to pay the
legacy, such legacy is an equitable charge upon the prop-
erty so devised, unless there is something in the will itself
to indicate a contrary intention on the part of the testator."

In Nellons v. Truax, 6 Ohio St. 98, the testator gave cer-
tain real and personal estate to his wife for life, and made
other provision for her, all of which was preceded by the
following clause: "I give and bequeath unto my son,
Nathaniel Truax, all my real estate, by his paying the val-
uation of $2,000, which $2,000, after the decease of my
wife, is to be equally divided between my heirs " (naming
six children). Nathaniel sold most of the land, and one
part was sold on execution against him. The widow died.
The legatees, except Nathaniel, filed a bill in equity to
charge the real estate in the hands of the purchasers with
their share of the $2,000. The court held the legacies were
incumbrances on the land; that the legatees could enforce
their lien on the land, and that the will of record was no-
tice to the purchasers, and they took subject to the unpaid
legacies. The court said that " express words are not neces-
sary in a devise to charge pecuniary legacies upon real
estate, but that an intention to do so may be derived by

implication, and that where a devisee is required to pay legacies as a part consideration for the property, the law attaches an equitable lien on the land for the security of the legatees, unless it clearly appears that the testator intended to exonerate the property from the charge."

In Lindsey v. Lindsey, 45 Ind. 552, in holding that a devise of lands to the wife for life, with remainder to a son, upon condition that he remain upon the farm, support his mother and pay certain sums to his sisters within seven years after testator's decease, created a charge upon the land devised, the court quotes as follows from Willard's Equity, 489: "Where the real estate is devised to the person who by will is directed to pay the legacy, it has frequently been decided that such legacy is an equitable charge upon the real estate so devised * * * unless there is something in the will itself to indicate a contrary intention on the part of the testator."

In Wilson v. Piper, 77 Ind. 437, the testator devised certain lands and all his personal property to his son "upon the following conditions, viz.: that he pay to my granddaughter Maria E., child of John and Mary Rodman, when she arrives at the age of twenty-one years or marries, the sum of $1,000." It was held that all the property given to the son was charged with the legacy, and that the lands were liable as against purchasers after the will had been proved and recorded.

In Reynolds v. Bond, 83 Ind. 36, a testator devised a tract of land to a son, "by paying" a certain sum in annual installments, to be equally divided between himself and the other children. It was held, this presented a strong case of a charge upon the land.

In Porter v. Jackson, 95 Ind. 210, the testator devised all his property to his widow while unmarried and after her marriage or death one-seventh to each child, with this provision: "I further will that as a condition of the acceptance of the property thus devised to my heirs, they on their part shall support and maintain Eliza Andrews during her natural life or until she shall marry." The report

of this case does not show that there was in the will any gift to Eliza Andrews except by the words above quoted. The court said : "The will, as we have seen, provides that as a condition of the acceptance of the property devised, the devisees shall support and maintain Eliza Andrews. The rule is well settled that where real estate is devised to the person who by the will is directed to pay a legacy, such legacy is an equitable charge upon the real estate so devised." The court held the legacy a charge upon the real estate, and also that the acceptance of the property by the devisees imposed a personal obligation upon them to support the legatee; and that under the circumstances of that case, the land having been sold under judicial proceedings, the purchaser had a right to have the conservator of Eliza Andrews proceed first against the devisees personally.

In Powers v. Powers, 28 Wis. 659, the testator devised land to his son, Enos R. Powers, following which, in the same paragraph, was this provision : "And it is also understood that the said Enos R. Powers is to pay or cause to be paid unto my said son Orlin W. Powers, within one year after my decease, the sum of $200." Enos entered upon the land. Orlin sued to enforce a lien upon the land for the unpaid part of the $200. The court said : "The provision of the will which required the defendant to pay the plaintiff $200 within one year after the death of the testator, creates a charge upon the lands devised to the defendant for the payment thereof."

In Henry v. Griffis, 89 Iowa 543, the testator devised lands to his son Sylvester, and other lands to his son Herbert, being all his real estate; and to his remaining child, Edith J. Henry, he bequeathed $5,600, with this provision : "If there is not personal property and money enough to make the amount, the boys are to pay enough to make the amount." Sylvester conveyed the land. Edith brought suit to subject the land to the payment of a judgment she had obtained against Sylvester, which included $750 of her bequest which the personal property and money was insuf-

ficient to pay. The court said: "The district court, in making the $750 a lien on the real estate, must have applied a rule of law that the effect of the will was to create such a lien, and we are in accord with that view. Of course, such a purpose on the part of the testator is only to be inferred; but the inference must be a necessary one to effectuate the testamentary intent, for it should be presumed that the testator designed that his estate, rather than the personal property of his devisees, should stand as security for the fulfillment of his bequests, or, in other words, the due execution of his will."

In Brooks v. Eskins, 24 Mo. App. 296, there was a devise of land to a son, Miner F. Judy, with this added: "It is further stipulated and required of my said son, Miner F. Judy, in this bequeathal to him that he owe, be indebted and pay to my sons-in-law, John Brooks and James Williams, and to their heirs and assigns for the heirs of their deceased wives, the sum of $1,000 to draw ten per cent. interest per annum from the death of my said wife until paid." It was held, this legacy was an equitable charge upon the land devised.

Sands v. Champlin, 1 Story 376, was a bill to enforce a legacy as a charge on real estate. The will was too lengthy to be here stated. The legacy was held a charge upon the land. It was said, a charge of debts upon a devisee, in respect to lands devised to him, has always been held to be not a mere charge upon the devisee personally, but a charge on the lands. The court quotes as follows from an English case: "If a man by his will deviseth his lands to J. S. and doth *desire* that the said J. S. shall pay his debts; or if it be, he the said J. S. paying his debts; or if immediately after the devise of his lands he doth appoint or desire that his debts should be paid; or, if he useth any expression in his will whereby it appears that he had any intent to charge his lands with his debts; in such case his lands will stand charged." The court also relies upon Miles v. Leigh, 1 Atk. 573, where A devised his real estate to his wife for life and then to his son R, and gave his daughter C a leg-

acy of 150 pounds to be paid in twelve months after R should come to enjoy the premises; and if R should die before testator's wife, then his son H, coming into possession of the premises, and surviving his mother, should pay the daughter C 200 pounds. There the legacy was held to be a charge upon the real estate. Lord Hardwicke, on appeal, noticed the objection that the will did not say the legacy was to be paid out of the real estate nor by whom it was to be paid, and said: "There are many cases where it is neither said to be paid out of the estate nor by whom, yet it has been considered as a charge upon the estate where the general intent of the testator has appeared."

The decisions in Pennsylvania follow only in part the principles laid down in the cases already cited, but we regard them as in harmony with those principles so far as relates to the language of the will now before the court. In Holliday v. Summerville, 3 Pa. 533, a will contained this paragraph: "It is my will that my son William shall have the tract of land he now lives on, providing he pays to my other three children, viz., John, Ruth, and Mary, three hundred pounds," and directing the manner of payment in one and two years after testator's decease. The court said: " I look upon this as such a charge as to make the land the fund primarily liable for the payment of the legacy." In McFait's Appeal, 8 Pa. St. 290, a testatrix, after directing that her funeral expenses be defrayed out of her estate, devised certain lands to Culbertson, "under the condition he pay all my legal debts due at the time of my decease." She then gave Mary Krozier $1,000 payable in one and two years after payment of debts, and all her personal property not specifically bequeathed. She gave Mrs. McFait $600 to be paid one year after the payment of the legacy to Mary Krozier, and to Culbertson $10 payable one year after the legacy to Mrs. McFait. Culbertson refused to accept the land devised to him. It was held that the debts and legacies were charged upon the land and that they were to be paid out of that fund whether Culbertson took the land or not. The court cites Wigg v.

Wigg, 1 Atk. 382, where a testator devised real estate to his son on condition that he or his heirs pay a certain sum to certain grandchildren. The son died before the testator, and the devise of the land lapsed, but Lord Hardwicke decided that the money to be paid the grandchildren was nevertheless a charge upon the land, and directed the sale of the land to pay the legatees.

In Field's Appeal, 36 Pa. St. 11, the testator by his will gave certain sums of money to a son, William Sprowls, and to certain daughters, and devised his real estate to certain other sons, and added this clause: "If there should be any failure of personal estate to pay off the portions assigned to William Sprowls and the daughters whose names are above written, then the sons to whom the land is assigned are to make up the deficiency equal among them." The court held the legacies were a contingent charge upon the land devised.

In Wertz's Appeal, 69 Pa. St. 173, the testator gave the whole estate to two sons, "subject, however, to the following reservations," and then gave various legacies. The court said: "Nothing could much more clearly express a charge than a devise subject to the payment of the legacy."

In Springer's Appeal, 111 Pa. St. 229, testator willed one farm to his son John, another to his son Henry, and a third to his son Joseph. The devise to Henry was made "subject to the conditions hereinafter mentioned." The devise to Joseph was followed by these words: "I will that my two sons Henry and Joseph pay to my wife, delivered in the bushel, one-third of all the grain they raise on their farms during their lifetime; also one-third of the fruit." It was held the widow had a charge on the land devised to Henry, notwithstanding by accepting the land he may have made himself personally liable to perform the condition.

In Pryer v. Mark, 129 Pa. St. 529, the testator devised lands to his son, Jesse, "provided that said Jesse, his heirs, executors or assigns, shall pay within five years after the death of my wife $200 each to my sons" (naming them), "and $100 each to my daughters" (naming them), "which

payments when made shall be in full for all my estate so far as my heirs are concerned." It was held that the legacies were charged on the lands devised.

In Hammond's Estate, 197 Pa. St. 119, the testator devised land to a son, "subject to the following payments and conditions to be paid and fulfilled by my said son," after which followed directions to pay a certain judgment, and $2,500 to the executor to be distributed as directed by the will. It was held, the land was charged with the $2,500.

In numerous other cases in Pennsylvania it is held that a mere direction that a devisee pay a legacy or a sum of money does not make such legacy or sum of money a charge on the land so devised. Among the cases so holding are Cable's Appeal, 91 Pa. St. 327; Walter's Appeal, 95 Pa. St. 305; and Sauer v. Mollinger, 138 Pa. St. 333. It will be observed that the case of Pryer v. Mark, *supra*, is almost identical with the case before the court, and that the payments there provided for were held to be charged upon the land.

The principles announced in the cases above discussed will be found stated in various text-books, including 2 Woerner's Am. Law of Administration, sec. 491; 3 Jarman on Wills, 5th Am. Ed., where many cases are cited in a note on page 401; and 3 Pomeroy's Equity Juris., secs. 1245, 1246 and note 2, where it is said that if a testator devises a parcel of land to A and then directs that A pay a certain debt to B or a certain legacy to B, or uses language of like import, the land devised to A is charged with the payment.

The case of Daly v. Wilkie, 111 Ill. 382, seems to us in harmony with the general rule laid down in the authorities above discussed. The will there under consideration contained the following clause: "I will and bequeath unto my son, George Daly, all the following described real estate, to wit" (describing it), "to have and to hold the same to him and to his heirs forever, subject, however, to the terms and conditions herein limited, that is to say, that he shall within the term of seven years after my death pay to my daughter, Bridget Daly, the sum of five hundred

—— for and on account of the above devise and bequest to him." The court construed the will as if the word "dollars" had been in the blank. It was held that by following the devise by the language requiring the devisee to pay Bridget Daly $500 within seven years after testator's death, on account of the devise, the testator created a charge upon ·the land for the payment of that sum of money, which charge could properly be enforced in equity by a sale of the land.

In Parsons v. Millar, 189 Ill. 107, the testator, by the 9th clause of his will, gave his daughter, Hannah Vause, $1,000 in money, " to be paid to her by my son, William E. Millar, within two years after my death, in consideration of bequest made by me to him, as hereinafter named." He also gave his daughter, Mary Frances Van Meter, a like sum with like direction that it be paid by William in consideration of the bequest to him thereinafter provided. The 11th clause was as follows: "I give and bequeath to my son, William E. Millar, the following described land, to wit: (describing land in Coles County, Illinois,) provided that my son, William E. Millar, pay, as before specified, to my daughter Hannah Vause, within two years after my death, the sum of $1,000, and to my daughter Mary Frances Van Meter, within three years after my death, the sum of $1,000, which amounts shall be the sums bequeathed to them in clauses nine and ten of this will." It was held that the title passed to William charged with the payment of said bequests of $1,000 each to Hannah Vause and Mary Frances Van Meter.

In Zimmer v. Sennott, 134 Ill. 505, the question was not whether a charge upon land was created by the will, but whether a trust in land had been declared. If any language used in that or any other earlier Illinois case is not in harmony with Parsons v. Millar, *supra*, the latter is a more recent decision, is upon the precise point now before us, and is in harmony with the long line of decisions in other jurisdictions which we have reviewed, and therefore must control us in the case at bar.

Among the foregoing cases cited by us are some where the devise was *on condition* that the devisee pay another person a sum of money or perform some act for the benefit of such other person; others, where the devise was *subject to* such payment or beneficial act; others, where the devise was *in consideration* that the devisee make such payment or perform such act; and still others, where the devise was, in the languge of the will at bar, *providing* or *provided* the devisee make such payment to another. The general rule to be derived from those cases is, that if a devise of land be on condition that the devisee pay a stated sum to another, or provided he pay such sum, or subject to the payment of such sum, or if the devise be in consideration that the devisee make such payment, in every such case the payment of such sum is, by the plain intent of the will, made a charge on the land so devised, unless the will elsewhere direct its payment out of some other fund, or unless the will contain other language showing the testator did not intend the money should be a charge on the land. We perceive no substantial difference in the meaning of these words as applied to such a clause in a will. The sense and effect are the same. The will means that Wilmot was to have the lot on condition that he pay Mrs. Drury $500; the devise to him was, in effect, subject to the payment to her; and if he paid her $500, that would be the consideration upon which he received the lot. In this will Mrs. Drury is not expressly called a legatee, nor did it in express terms say that the testator gave Mrs. Drury $500; but in many of the cases above considered the same peculiarity is found, including several in which we did not mention the circumstance. Yet in those cases such provision was called or treated as a legacy, and the recipient is called a legatee. There can be no presumption that the testator expected Wilmot would refuse to accept the devise, and expected the provision he had thus made for Mrs. Drury to fail. That would be to assume that he intended to mock Mrs. Drury with an apparent gift which he expected she would not receive. On the contrary, we

think the court should presume that he intended every part of his will to be carried out, and intended that Mrs. Drury should receive $500. He provided no other fund from which she could receive it but this lot. We are of opinion that, under the authorities above discussed, and the natural meaning of the words used, the testator made the payment of $500 to Mrs. Drury a charge upon the lot.

The court below allowed interest, as was also done in some of the cases above considered, but as neither appellants' briefs nor assignments of error question that feature of the decree, it is unnecessary for us to consider appellee's arguments and authorities on that subject.

The decree is affirmed.

*Affirmed.*