(No. 13199.—Judgment affirmed.)

GEORGE W. ALDERMAN, Exr. Defendant in Error, *vs.* ELEANOR DYSTRUP *et al.*—(MARY GRACE PHELPS, Plaintiff in Error.)

*Opinion filed June 16, 1920.*

1. WILLS—*when personal estate is deficient, legacies must abate unless real estate is charged with their payment.* Where a testator leaves personal and real estate the debts and pecuniary legacies are to be paid from the personal estate, and in case it is insufficient to pay them the legacies must abate unless the real estate is charged by the testator with their payment.

2. SAME—*charge of legacies upon real estate may be by express direction or by implication.* A testator may make pecuniary legacies a charge upon real estate, which may appear either by express directions in his will or the intention to charge them may be implied from the whole will taken together, and if the intention is clear the legacies will be held to be a charge upon the real estate.

3. SAME—*whether money legacies are a charge upon residuary estate depends upon testator's intention.* There is no inflexible rule that where money legacies are bequeathed generally and the residue of the estate is given to another the money legacies are a

charge on the residuary estate, but the question is to be determined from the testator's intention as ascertained from the language of the entire will, considered in the light of his circumstances and the condition of his family and property when the will was executed.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

PETER SHUTTS, for plaintiff in error.

BARR, McNAUGHTON & BARR, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This case comes to this court by granting a petition for writ of *certiorari* to review a judgment of the Appellate Court for the Second District affirming a decree of the circuit court in a proceeding to construe the will of Augustus S. Alderman, deceased. The question involved is whether legacies in money bequeathed by the testator to each of two daughters were made a charge against the testator's real estate devised to his son in the residuary clause of the will. The personal estate left by him was insufficient to pay the legacies in full. The circuit court interpreted the will not to mean that the legacies were charged against the real estate passing under the residuary clause and decreed that said legacies, respectively, abate *pro rata* to the extent of the amount of the deficiency of the personal estate to pay them in full and entered a decree accordingly, which the Appellate Court affirmed.

The will was executed March 16, 1907. The testator's family consisted of a wife, two daughters and a son, who were the testator's only heirs. At that time he owned several hundred acres of land in Will county and 80 acres in California. He also owned a large amount of personal property. By his will the testator gave to his daughter Eleanor Dystrup $6650 and also a tract of land described,

containing 131 acres. To his daughter Mary Grace Phelps he gave $8000 and 110 acres of land described. He then gave to his son, George W. Alderman, "all the balance of my property of which I may die seized, whether real, personal or mixed, and all moneys and obligations due me at my decease, to be his sole property forever." The will directed the son should pay the testator's wife $300 annually during her life, and that each of the daughters should pay her $150 annually during her life, in lieu of her dower interest. "Said payments are to be an incumbrance and lien upon the real estate hereby bequeathed to my said children during the life of my said wife, only." The son, George W. Alderman, was nominated executor, with full power and authority to carry out the terms and provisions of the will.

On the 19th day of July, 1909, the testator executed a codicil to his will, as follows:

"This codicil made to my will, dated March 16, A. D. 1907, is so made to change the bequest made to my son, George W. Alderman, wherein I have given him all the balance of my real and personal estate to be his sole property. It is now my wish and desire and I do hereby so alter and change said will as to give to my children, George W. Alderman, Eleanor, wife of Andrew Dystrup, and Grace, wife of Herbert Phelps, share and share alike, certain real estate now owned by me and located in Roscommon county and elsewhere in the State of Michigan. The said real estate is to be the joint and sole property of said children and their heirs and assigns forever. The balance of my real estate is to be divided among said children as is specified in said will."

On the 6th of October, 1909, testator executed another codicil, which is as follows:

"This codicil made to my last will and testament dated March 16, A. D. 1907, is so made to change the bequest therein made to my son, George W. Alderman, wherein I have given and bequeathed to him my homestead farm of

400 acres to be his sole property. It is now my desire and wish, and I do so now bequeath and give to him, said son, the homestead farm, to be his property during his lifetime and at his death the same is to go to and become the sole property of his child or children, provided he should leave any such, but in case my said son should not leave any child or children surviving him, then the said farm property is to go to and become the sole property of the sister or sisters of said son and their sole heirs, to be their sole property forever. I give and bequeath to my wife, Ellen, my house and lot situated in the village of Lemont, Illinois, and recently purchased by me, to be her sole property forever. The balance of my property and real estate to be divided and go to my children as provided in said will and the first codicil thereto attached."

The testator died October 9, 1910. His will was duly admitted to probate and George W. Alderman was appointed and qualified as executor. The bill to construe the will was filed by George as executor and in his individual right. Both daughters of the testator, the widow, and an infant son of George born subsequent to the testator's death, were made defendants. Among other things, the bill alleged that at the time the will was executed the testator owned personal property of the value of $30,000; that after the making of the will the testator and Edward McCoy jointly purchased a large tract of land in Michigan, and that testator also purchased a house and lot in the village of Lemont, Illinois, for which he paid at least $12,000. The bill alleged the executor had converted the personal estate of the testator into cash, and that it was insufficient to pay the expense of administration, debts against the estate and pay in full the money legacies to the two daughters, and that said legacies were not charged against the real estate and should abate proportionately on account of the insufficiency of the personal estate to pay them in full. Mary Grace Phelps answered the bill, denying there was any am-

biguity in the will and claiming the legacy bequeathed to her was made a charge against the real estate devised to complainant. The infant defendant answered by guardian *ad litem* and the other defendants were defaulted. Mary Grace Phelps prosecuted an appeal from the decree of the circuit court to the Appellate Court, where the decree was affirmed, and she has by writ of *certiorari* brought the record to this court for review.

The rule is well settled that where a testator leaves personal and real estate the debts and pecuniary legacies are to be paid from the personal estate, and in case it is insufficient to pay them the legacies must abate unless the real estate is charged by the testator with their payment. The charge against the real estate may be made either by express directions of the testator in his will or the intention to charge them may be implied from the whole will taken together. If the intention of the testator is clear to charge his real estate with the payment of specific legacies, either from the express words of the will or by necessary implication from the language used, they will be held to be a charge upon the real estate.

It is not claimed by plaintiff in error that the real estate was expressly charged with the payment of the money legacies, but it is claimed such intention is necessarily inferred from the residuary clause of the will, which gave the son of the testator "all the balance" of his property. There is no inflexible rule that where money legacies are bequeathed generally and the residue of the estate is given to another, the money legacies are a charge on the residuary estate. In such cases the question to be determined is, What did the testator intend? And this is to be determined from the language of the entire will, considered in the light of the testator's surroundings and circumstances and the state and condition of his family and property at the time the will was executed. (*Wallace* v. *Foxwell,* 250 Ill. 616; *Nixon* v. *Nixon,* 268 id. 524; *Strickland* v. *Strickland,* 271

id. 614.) Evidence introduced at the hearing showed that at the time the will was executed the testator owned personal property of a value much greater than would be required to pay debts, costs of administration and pecuniary legacies. Subsequently the personal estate was reduced. Some of it was invested in Michigan land, some in a residence property in the village of Lemont, Illinois, and several thousand dollars were expended by the testator in the payment of expenses of various and extended trips by him and his wife. There is nothing in the language of the will to indicate that the testator intended the money legacies to be a charge on the residuary estate. The first codicil to the will was made after the purchase by the testator of the Michigan land, and seems clearly to indicate his intention that the residuary estate was to go solely to the son. In the absence of the codicil the Michigan land would have passed under the residuary clause. The testator did not so desire and by the codicil he gave the Michigan land to his three children in equal shares. The codicil reiterates, "the balance of my real estate is to be divided among said children as is specified in said will." Considering the whole will together, it seems clear the testator did not intend the daughters should have any claim on the real estate devised to his son. This construction is further strengthened when the testator's circumstances and property at the time he executed the will are considered. If he had intended to charge the money legacies against the estate he knew how to use language to accomplish that purpose, for he did by express language make the legacy or annuity to his wife a charge against all the real estate devised to his children.

In our opinion the construction given the will by the decree of the circuit court was clearly right and the Appellate Court did not err in affirming it.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*