**Paul R. Jaeger and Fred C. Hacke, Plaintiffs-Appellants, v. Frank Stein et al., Defendants-Appellees.**

**Gen. No. 11,062.**

Second District, Second Division.

October 9, 1957.

Released for publication October 28, 1957.

Joseph V. Toohill, of Farmington, and Cassidy & Cassidy, of Peoria, for appellants.

Clyde R. Birkett, and Champion & Lee, all of Peoria, for appellees.

PRESIDING JUSTICE CROW delivered the opinion of the court.

This is a suit to foreclose the lien or charge alleged to have been imposed upon certain real estate devised in the Last Will and Testament of Frank F. Stein, deceased. The complaint was filed November 2, 1933. Without relating the details of the prolonged proceedings in the lower court, we need only point out that the matter was referred to a master who found for the plaintiffs and subsequently the trial court sustaining objections to the findings of the master, found that the plaintiffs did not have a lien and that they had been guilty of laches which barred them from relief. From that decree, plaintiffs have taken this appeal.

Frank F. Stein died testate a resident of Peoria county on July 2, 1919. His Last Will and Testament was admitted to probate in the Probate Court of Peoria county. The Estate was closed and the executor discharged. Since the testator's Last Will and Testament is not lengthy, we set it out in full:

"I, Frank F. Stein, of Trivoli, County of Peoria, and State of Illinois, being of sound mind and memory, do hereby make, publish and declare this to be my Last Will and Testament.

12

"First: It is my will and I hereby direct that all my just debts and funeral expenses be fully paid by my Executor hereinafter named.

"Second: It is my will, and I hereby give, devise and bequeath unto my beloved son, Nicholas A. Stein, for and during his natural lifetime, all of the real property of which I may die possessed, subject to the provisions and exceptions herein named, namely:

"Subject, however, that the said Nicholas S. Stein is to pay or cause to be paid unto my beloved wife, Mary C. Stein, one third (⅓) of the net income from said real estate, for and during her natural life.

"Subject, also, to the provisions that the said Nicholas A. Stein is to pay or cause to be paid over to my beloved daughter, Leafy A. Jaeger, one third (⅓) of the net income from said real estate for and during the natural life of my beloved wife, Mary C. Stein. At the death of my beloved wife, Mary C. Stein, the said Nicholas A. Stein is to pay or cause to be paid over to my beloved daughter, Leafy A. Jaeger, the sum of Ten Thousand ($10,000) Dollars, the same being in full liquidation and settlement of any and all interest of the said Leafy A. Jaeger in and to said real estate. The meaning and intention of the above provision of this my Last Will is, to give to the said Mary C. Stein the one-third (⅓) income from said real estate for and during her life; and to give to my beloved daughter one-third (⅓) income from said real estate during the life of my beloved wife. At the death of my beloved wife, the one-third (⅓) income to be paid by the said Nicholas A. Stein to Leafy A. Jaeger is to cease, and he is to pay to said Leafy A. Jaeger Ten Thousand ($10,000) Dollars in cash or its equivalent, and all future payments, in view of her settlement of Ten Thousand ($10,000) Dollars, by said Nicholas A. Stein, to cease.

13

.

"Third: It is my will, and I hereby give, devise and bequeath unto the children of Nicholas A. Stein, in fee simple title to any and all real estate of which I may die possessed, after the expiration of the life estates of said Nicholas A. Stein, Mary C. Stein and Leafy A. Jaeger, as is hereinabove provided.

"Fourth: It is my will, and I hereby give, devise and bequeath unto my beloved son, Nicholas A. Stein, any and all personal property of which I may die possessed, the same being subject to the rights of my beloved wife, as is in such case made and provided by statute. The intention of this provision being to give to my beloved wife such personal property as is given her by the laws of the State of Illinois, and all the remainder to be the absolute property of my son, Nicholas A. Stein.

"Fifth: And it is my Will and I do hereby name and appoint my beloved son, Nicholas A. Stein, executor of this my Last Will and Testament. In case of his inability, for any reason, to act as such, then, in that case, I hereby appoint Mary C. Stein to act in his stead.

"Dated at Peoria, Illinois, this second day of June, A.D. 1919.

Frank F. Stein (Seal)"

At his death Frank F. Stein left surviving, as his only heirs at law, his widow, Mary C. Stein, his son, Nicholas A. Stein, and his daughter, Leafy L. Swan, also known as Leafy L. Jaeger.

Nicholas A. Stein was appointed and qualified as executor and served as such until his death on February 19, 1920. After the death of Nicholas A. Stein, Mary C. Stein, the widow, was appointed Administrator De Bonis Non to complete the administration and she so served until the estate was closed.

Nicholas A. Stein, upon his death in 1920, left surviving as his only heirs at law, his widow, Grace Stein,

14

now Grace Johns and his son, Frank B. Stein, both of whom are defendants in this suit.

Leafy Jaeger, the daughter of Frank F. Stein, was divorced from her husband, Paul A. Jaeger. As a result of this marriage, she had one son, Paul R. Jaeger, who is one of the present plaintiffs in this suit. Subsequent to her divorce, she married T. D. Swan, who predeceased her and she later married Fred C. Hacke. Leafy died intestate on January 20, 1947, leaving as her only heirs at law, her husband Fred C. Hacke and her son Paul R. Jaeger.

Mary C. Stein, widow of Frank F. Stein, died intestate, at Indianola, Iowa on May 30, 1933, leaving as her only heirs at law, her daughter, Leafy and her grandson, Frank B. Stein.

At the time of the death of Nicohlas A. Stein, he was a tenant and farming the land described as:

> West (W) One Hundred Twenty (120) acres of Northwest Quarter (NW¼) of Section Fourteeen (14), Township Eight (8) North, Range Five (5), East of the Fourth Principal Meridian, Peoria County, Illinois,

which was real estate owned by Frank F. Stein at the time of his death. After the death of Nicholas A. Stein, this real estate, was farmed by Glen Johns and Grace Stein Johns, as tenants, until the death of Mary C. Stein.

It is undisputed that from the date of Nicholas A. Stein's death on February 19, 1920 to the date of the death of Mary C. Stein on May 30, 1933, there was paid to Leafy A. Jaeger one-third of the net proceeds of the above described real estate. It was stipulated that none of the personal estate of Frank F. Stein was ever applied or attempted to be applied to payment to Leafy A. Jaeger of the $10,000 referred to in the Last Will and Testament of Frank F. Stein, deceased,

15

nor has she or anyone on her behalf ever received said $10,000 or any part thereof from Nicholas A. Stein. Appellants' entire brief and argument is based upon the theory that the $10,000 herein referred to is a legacy or bequest testator made to Leafy A. Jaeger and that such legacy or bequest is a charge on testator's real estate.

In this will Leafy A. Jaeger is not specifically called a legatee and the testator makes no direct gift of $10,000 to her. Yet in practically all the decided cases, including those cited by all parties, that same situation is found and the courts have uniformly considered such a testamentary provision to be a legacy or bequest to the person for whom the sum is designated. Mr. Justice Dibell reached this conclusion in Warner v. Bullen, 123 Ill. App. 138, 155.

It has long been recognized to be the rule that real estate is not charged with the payment of legacies unless an intention on the part of the testator to create such a charge appears in the will, Chapin v. State Treasurer, 361 Ill. 645, 650, Alderman v. Dystrup, 293 Ill. 504, 508. As the court pointed out in Haynes v. McDonald, 252 Ill. 236, 240:

"Legacies are not charges against the real estate of the testator unless they are made so by the will. They are charges against the personal estate, and if the personal estate is insufficient to pay the legacies they must abate, unless the will charges the real estate with their payment. The intention of the testator to charge his real estate with the payment of legacies may be evidenced by express words or it may be implied from a consideration of the whole will. (Heslop v. Gatton, 71 Ill. 528; Reid v. Corrigan, 143 id. 402; Simonson v. Hutchinson, 231 id. 508; Williams v. Williams, 189 id. 500.)"

In all cases involving the construction of a will, the intention of the testator as expressed by his

16

language should be given effect unless contrary to the law or public policy. The Supreme Court in Wiener v. Severson, 11 Ill.2d 347, observed p. 349:

"It is fundamental that in construing wills the intention of the testator, as determined from the entire will, is to be given effect unless contrary to law. Such intention is determined in two ways; one by ascertaining the testator's actual meaning from the words employed, to which all rules of construction give way, and the other by finding his presumed intention by the application of rules of construction where the meaning is obscure, doubtful, or uncertain. Resort to such rules is necessary, however, only where the actual intent cannot be ascertained. If the intention may be gathered from the language of the will without reference to rules of construction, there is no occasion to use them. Stagg v. Phenix, 401 Ill. 134."

As previously stated, plaintiffs contend that the testator intended that the $10,000 payment to his daughter, Leafy A. Jaeger, referred to in paragraph second of his will, constitutes a charge upon the entire fee devised by the testator in paragraph third of his will to the children of his son, Nicholas A. Stein. Plaintiffs stress the words "the same being in full liquidation and settlement of any and all interest of the said Leafy Jaeger in and to said real estate." Plaintiffs urge that these words imply that the testator meant thereby to give Leafy A. Jaeger an interest in the real estate and from that, they would contend that Leafy A. Jaeger had a lien thereon. In maintaining that Leafy was intended to receive an interest in real estate, plaintiffs point out that the same words, i.e. "pay or cause to be paid" are used both with reference to the $10,000 payment to Leafy and the income share to Leafy and the widow, Mary C. Stein, which testator refers to as "life estates" in paragraph third of his will.

17

The defendants, on the other hand, contend that the will does not place a charge upon the fee in favor of Leafy A. Jaeger. This argument they support by pointing out that the testator specifically provided in paragraph second of his will that "all future payments" to Leafy A. Jaeger were to cease when testator's widow died "in view of her settlement of $10,000." Defendants further point to paragraph third of the will which devised the remainder interest in the real estate to the children of Nicholas A. Stein "after the expiration of the life estates of the said Nicholas A. Stein, Mary C. Stein and Leafy A. Jaeger, as hereinabove provided." Paragraph third makes no reference to the $10,000 payment to Leafy A. Jaeger.

Cases cited by the plaintiffs in every instance involved wills employing language which made clear that the testator intended a charge upon the fee in the real estate devised. Such is not true in the present case. In most of the cases relied upon by plaintiffs payments were not directed to be made by the devisee of a life estate therein and the payments were clearly charged against the fee simple title. In the instant case paragraph third of the will is expressly made subject to the life estates of Leafy and testator's widow, Mary C. Stein, but paragraph third in no way refers to the $10,000 payment to Leafy A. Jaeger. In Arnold v. Arnold, 325 Ill. 500 relied upon by plaintiffs, the payment was in unmistakable terms made a lien on the remainder interest as well as the life estate, p. 502:

". . . to his son William L. Arnold he gave during his life the improved eighty-acre tract of the home farm, which was the homestead, and at the death of said son, 'I hereby bequeath, give and grant to the surviving heirs of his body, and to such heirs only, the full title and ownership of said eighty acres on which is situated the said homestead with this understanding, that the sum of $3,000 be considered a lien

18

on the said eighty acres and that said sum of $3,000 shall be considered as part of my personal estate after my death and shall be divided as the rest of my personal estate shall be divided according to the terms of this my will.' "

In Sullivan v. Sullivan, 242 Ill. App. 501, also relied upon by plaintiffs, testator devised to his son, William, 70 acres of land in fee and 80 acres of land for life and then provided "Said son William Sullivan is to pay to my daughter, Maggie Sullivan, 75¢ per acre on the first of every January during her life, . . ." William regularly paid the annuity to his sister up to the time of his death, when Maggie sought to require his widow and heirs at law to continue the annuity. It appears that this suit to have the annuity declared a lien or charge related solely to the land held in fee by William Sullivan. During his lifetime William was the grantee in a deed from his sister Maggie made to correct a real estate description in the testator's devise of his lands to William. That deed specifically reserved to Maggie 75¢ per acre for her lifetime. Under these facts it is not surprising that both the trial and reviewing courts held that the annuity was a charge on the fee. To recite the facts in the Sullivan case is to make clear its important factual differences from the case at bar.

In the instant case the obligation to pay the $10,000 bequest was placed upon Nicholas A. Stein in the same paragraph second which gave him a life estate in the real estate. It is the same paragraph second in which are contained all of the "provisions and exceptions" in testator's will. We can fairly conclude that the "provisions and exceptions" only relate to the interest devised in paragraph second. The will, although not lengthy, is reasonably explicit and detailed. There is nothing in paragraph third to indicate that the obligation to pay Leafy A. Jaeger was intended to carry over and bind the "children of Nicholas A. Stein" or

19

to be a lien or charge on the interest they received under the will of their grandfather. In clear and unambiguous language paragraph third of the will gives the children of Nicholas A. Stein the fee or remainder interest in all of testator's real estate. Testator's grandchildren take not by inheritance from their father but by direct gift from their grandfather. Nothing in the will would indicate that Nicholas A. Stein might, by failing to pay $10,000 to his sister Leafy A. Jaeger, subject the gift to his children to payment of the sum.

Doubtless the testator anticipated that both of his children would survive his wife. Testator certainly did not contemplate that his son, Nicholas, the life tenant, would only survive him by less than eight months, and that his wife would outlive both him and their son by thirteen years. Obviously, we cannot guess what provision testator would have made in his will if he had anticipated the uncertainties of longevity of his wife, son and daughter. In all events, we cannot draw a new will for him.

■ A testator may charge a gift on particular realty or upon all his realty, burden an estate for life, as well as make liable for the payment of a legacy the fee or remainder interest. If a testator intends a gift to be a charge on the rents and income of land, the corpus of the land is not subject to sale to enforce payment of the gift (Nelms v. Turner, 308 Ill. 613, 617). It seems apparent that the testator here intended that the payment of $10,000 by his son, the life tenant, to his sister upon the death of their mother should be paid as a cash lump sum settlement in the place of the income from the farm to which the son was thereafter entitled. The conclusion seems inescapable that the obligation was, if not a mere personal one upon Nicholas A. Stein, no more than a charge on his life inter-

20

est, Nelms v. Turner, 308 Ill. 613, 617, Johnson v. Johnson, 98 Ill. 564, 571.

In our opinion a careful reading of the entire will of Frank F. Stein fails to indicate any intention on his part to make the $10,000 legacy or bequest to Leafy A. Jaeger a charge against the remainder interest in the real estate. Without deciding the question, which we need not, the most that can be said is that the pecuniary legacy to Leafy A. Jaeger may have been a charge or lien on the life estate of Nicholas A. Stein. However, a charge merely on that life estate will not afford any relief to the plaintiffs. If they are to succeed, plaintiffs must sustain a construction that would make the $10,000 legacy to their ancestor, Leafy A. Jaeger, a charge upon the entire fee in the land.

██ Taking the language of the will as a whole and giving words their ordinary meaning, we must agree with the defendants in their construction of decedent's will. The decision which we have reached makes it unnecessary for us to consider the question of laches on the part of the plaintiffs and the other issues raised in the briefs.

For the reasons assigned, we believe the Circuit Court was correct in its holding, and the decree of the Circuit Court of Peoria county is hereby affirmed.

Affirmed.

WRIGHT and SOLFISBURG, JJ., concur.