(Decided 8th April, 1874.)

---

# Benjamin P. Donnelly *vs.* Ann Edelen and others.

### Construction of a Will—Charges upon Real estate Devised.

A father by his will provided that his daughters should have a home during their single lives on the farm which he devised in fee to his son, together with a reasonable and moderate support therefrom. After the death of the testator two of the daughters married, and one became a Sister of Charity. The farm was subsequently sold at sheriff's sale under executions issued on judgments recovered against the son. HELD:

1st. That the provision of a home and reasonable support for the testator's single daughters, constituted a charge on the farm, which was enforcible in the hands of the purchaser.

2nd. That the whole net income of the farm was liable for this reasonable and moderate support.

3rd. That the daughter who became a Sister of Charity did not thereby abandon her right to a reasonable and moderate support from the farm, as provided by the will; although she might not be entitled to compensation, during her stay in the Sisterhood, in respect of her right to reside in the house on the farm.

APPEAL from the Circuit Court for Charles County, in Equity.

In the year 1853, Edward Edelen, of Charles County, died, leaving a will, in which, among other things, he devised as follows:

"Item.—I give and devise unto my son, Leonard Edelen, my tract of land which I now live on, containing several pieces or parts of tracts of land, called 'St. Thomas' Plague,' and 'Woods,' and 'Hawkins' Addition,' to him and his heirs forever, with this proviso, that my five daughters, Elizabeth, Roberta, Laura, Ann and Maria, shall have a home in the house, and a reasonable and moderate support during their single lives from the said farm."

After the death of the testator, Elizabeth and Roberta Edelen married; the former subsequently died. On the 18th of February, 1870, the three unmarried daughters of the testator, one of them being a Sister of Charity, having become such in 1860, filed their bill of complaint in the Circuit Court for Charles County, charging the death of their father, and the due execution of his last will, containing the foregoing devise; and further, that after the death of their father, they had a home on said farm, and derived a support therefrom until about two years ago, when the farm was sold at sheriff's sale, by virtue of judgments obtained against their brother, and executions issued thereon, to the appellant, who soon after the sale, (which took place in August, 1868,) entered into possession of the premises, and placed a tenant

thereon; that the complainants had frequently made unavailing efforts with the appellant for a settlement of their claim for a support out of the land so held by him; the complainants insisted that an annual sum sufficient to give them a reasonable and moderate support during their single lives, was a lien and charge on said land in the hands of Donnelly, and prayed that a decree might be passed, compelling him to pay annually, during their lives, from the rents and profits of the said farm, a sum sufficient to give them "a reasonable and moderate support," and that he might be compelled to pay to them a reasonable sum for the time he had held the land, and in the event of his failure to comply with the orders of the Court, the land aforesaid might be sold, &c.

On the 16th of May, 1870, Donnelly answered the bill, in which, among other things, he denied that he had refused to contribute to the support of the complainants, although he was advised and insisted that he was not bound so to contribute; he further denied, that in point of fact the complainants had ever claimed a home and moderate support from him under the will of their testator; the answer insisted that the right of the complainants to a *home* and support on said farm was *dependent* upon and connected with their residence thereon, and that having voluntarily quit the same and removed their furniture, they had relinquished and abandoned their said right, and had no claim upon him as owner of the farm; it was further insisted, that if the complainants had any right or claim in the premises, it was only to a *proportional* part of the rent or income of said farm.

The case, after argument, was submitted on bill and answer, and the Court, (MAGRUDER, J.,) decreed that the complainants were entitled to receive, during their single lives, respectively, from the defendant an annuity or annual payment in lieu of, and as an equivalent for, the devise of a home upon the land devised to their brother

Leonard, and for the reasonable and moderate suppor t likewise provided for in the same clause ; and that the defendant should account with and pay the complainants the amount of the said annuity and arrearages thereof, from the time when he became owner of the land and entered into possession thereof; and the cause was referred to the auditor to state an account in accordance with the principles announced in the opinion of the Court.

The auditor, in May, 1872, filed his account, in which, after having determined from evidence that $200 was the proper annual product of the farm, he allowed the *whole* for the year 1869, 1870 and 1871, in equal proportions to the complainants.   To this account the defendant excepted for the following reasons:

1st.  Because the auditor has fixed the annual value of the land in question at a larger sum than is warranted by the evidence.

2d.  Because he has made the defendant no allowance or deduction for his interest, standing in the place of Leonard Edelen, in said land, under the will of Edward Edelen; whereas, he claims that he is entitled as assignee of said Leonard Edelen, to share equally in the proceeds of said land with the complainants.

3d.  Because the auditor has allowed Laura Edelen, one of the complainants, who has become a Sister of Charity, a portion of the annual value of said land, when the evidence shows that she has not claimed a home, or been there since 1860.

4th.  Because he has allowed for arrearages against the said defendant, when the evidence discloses that the complainants had voluntarily left said land and their home during the time, and had not been forced in any manner to quit the same.

5th.  Because in his estimate of the annual value of the home, and support of the complainants under the will of

their father, the auditor has included as well lodging and board, and because said estimate is too large.

The Court overruled the exceptions, and decreed that unless the defendant on or before a day specified, paid, or brought into Court the several sums respectively allowed the complainants, principal and interest, the real estate in the proceedings mentioned should be sold. The defendant thereupon apppealed.

The cause was submitted on brief to BARTOL, C. J., STEWART, GRASON, MILLER and ALVEY, J.

*J. Shaaff Stockett* and *John W. Mitchell*, for the appellant.

*R. H. Edelen* and *Alexander B. Hagner*, for the appellees.

ALVEY, J., delivered the opinion of the Court.

Upon full examination of this case, we discover nothing in it that will justify a reversal of the decree appealed from. The cases of *Tolson vs. Tolson*, 8 *Gill*, 376, and *Willett and Wife vs. Carroll*, 13 *Md.*, 459, would seem to be conclusive of the right asserted by the complainants. The will of the father provides, not only a home for his daughters, during their single lives, on the farm devised to the son, but for a reasonable and moderate support therefrom; and the devise to the son being subject to the condition of furnishing such home and reasonable support, that condition or proviso constitutes a charge on the farm. The defendant, as purchaser, can stand in no better position in reference to this charge than the son, the devisee; and as the right was enforcible against the farm while in the hands of the son, so it may be enforced against it in the hands of the defendant, the purchaser; the latter taking the estate *cum onere*. And without entering at all into an investiga-

tion as to what would be a fair compensation for the loss of the home on the farm, simply as a local habitation or place of residence, the proof is abundant to show that the amounts decreed to be paid to the several complainants are entirely inadequate to afford even a reasonable and moderate supply of food and clothing, regard being had, in making the estimate, not only to the value and yield of the estate devised, but to the condition and habits in life of the testator, and of his children, for whom the provision was made. And that the whole net income of the farm may be required to furnish this reasonable and moderate support, can make no difference. Neither the devisee, nor the defendant claiming under him, could or can rightfully appropriate any part of the net income from the farm, until the reasonable and moderate support of the single daughters of the testator be supplied. And if the net income from the farm be insufficient for this purpose, it is alike the misfortune of the complainants and the defendant.

The position of the defendant, that because one of the daughters has joined a religious association, and become a Sister of Charity, she has thereby abandoned her claim to the particular provision under her father's will, is, we think, untenable. While she may not be entitled to compensation, during her stay in the sisterhood, in respect of her right to room and residence in the house on the farm, she is clearly entitled to the reasonable and moderate support from the farm, as provided by the will. This she has in nowise abandoned. And as to the other two single daughters, if they have been really hindered in and prevented from the reasonable enjoyment of a suitable portion of the house on the farm, as a place of residence, they are entitled to be compensated for such deprivation, according to the decision of the case of *Willett and Wife vs. Carroll.*

That the actual income from the farm, or what it ought to have been, by the usual and proper course of husbandry, was not too highly estimated, we think it clear from the

Emmert *vs.* Smith, *et al.*

evidence. And if the respective amounts decreed to be paid to the complainants be not paid according to the terms of the decree, the sale of the farm will be proper, as the result of default.

*Decree affirmed, and*
*cause remanded.*

(Decided 10th April, 1874.)