THE GARDENVILLE PERMANENT LOAN ASSOCIATION
vs. MARIA S. WALKER.

*Construction of a Will creating a Charge upon Land for the
Support and maintenance of Testator's Widow—The charge
Enforceable in Equity—Liability of the land therefor in the
hands of a Grantee of the Devisee—Subrogation—How the
Allowance to be Estimated.*

A testator devised to his son the farm on which the testator dwelt'
"upon condition that if my wife, M. L. W., should survive me, that
he, my said son shall keep, provide for and support her during her
natural life, and allow her to dwell and reside on said property
with him and his family, free of expense during her life time."
On a bill filed by M. L. W., against the son and his grantee, it was
HELD:

1st. That by said will the farm was charged with the burden of a
reasonable support and maintenance of the complainant during her
life.

2nd. That the purchaser of the land from the son took the same
subject to this charge.

3rd. That the complainant being justified in leaving the house of her
son, and seeking a home elsewhere, for the reason that he failed to
provide her with reasonable and necessary support and mainte-
nance, while she remained a member of his family, such as she was
entitled to enjoy under the will, she was entitled to maintain her
bill for the enforcement of the charge for her reasonable mainte-
nance and support against the land in the hands of the grantee of
the son.

At the time of the testator's death the land was subject to a mort-
gage, which the son paid with money borrowed from the G. P. L,
Association. The old mortgage was released and a new mortgage
was made to the G. P. L. Association to secure its said loan. Under
a foreclosure of the latter mortgage, the mortgagee became the
purchaser of the property. HELD:

Gardenville Permanent Loan Assoc'n *vs.* Walker.

That the G. P. L. Association was not entitled by subrogation to the benefit of the old mortgage for the purpose of diminishing the charge of the complainant against the land; but that it would be so entitled if instead of a release it had taken an assignment of said mortgage.

It appearing that the rental value of the property was $175, it was HELD:

1st. That the complainant was not entitled to the whole of this sum, but that the taxes and necessary repairs ought first to be paid out of the rent, and the allowance to her, even if it embraced the whole rental value of the land, would have to be abated to that extent.

2nd. That $150 per annum looking to the net rental value of the land, was a fair, just and reasonable allowance, and that the arrearages ought to be estimated on that basis.

APPEAL from the Circuit Court for Baltimore County, in Equity.

John Frederick Walker devised his farm, on which he dwelt in Baltimore County, containing about ten acres, to his son, John Frederick Walker, Jr., " upon condition that if my wife, Maria Leonora Walker, should survive me, that he, my said son, shall keep, provide for and support her during her natural life, and allow her to dwell and reside on said property with him and his family free of expense during her lifetime." At the time of the testator's death there was a mortgage of $1000 upon the land which was subsequently paid and released. The money with which it was paid was borrowed by John F. Walker, Jr., from the Gardenville Permanent Loan Association, upon a mortgage of said land. Under a foreclosure of this latter mortgage the said Association became the purchaser of the property and leased it to John F. Walker, Jr. The testator's widow filed her bill against John F. Walker, Jr., and the Gardenville Permanent Loan Association, to procure an allowance out of said land, and the rents and benefits issuing therefrom, of a sum sufficient

for her support and maintenance. The evidence is suffi-ciently set forth in the opinion of this Court. The Court below, (GRASON, J.,) passed a decree in favor of the com-plainant, from which the Association appealed.

The cause was argued before BARTOL, C. J., BOWIE, ALVEY and IRVING, J.

*R. R. Boarman,* for the appellant.

*Louis Hennighausen,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

Since the decision of *Willett and Wife vs. Carroll,* 13 *Md.,* 459, and *Donnelly vs. Edelin,* 40 *Md.,* 117, there can be no doubt that by the will of John Frederick Walker, deceased, the farm or parcel of land by him devised in fee to his son, John Frederick Walker, Jr., was charged with the burden of a reasonable support and maintenance of the appellee, the widow of the testator, during her life; and the appellant, having purchased the land, took the same subject to this charge.

A careful reading of the testimony in the record has brought us to the same conclusion reached by the Circuit Court, that the appellee was justified in leaving the house of the defendant, Walker, and seeking a home elsewhere, for the reason that he failed to provide her with reason-able and necessary support and maintenance, while she remained a member of his family, such as she was entitled to enjoy under the will. She is entitled to maintain her bill for the enforcement of the charge for her reasonable maintenance and support, against the land in the hands of the appellant.

We are next to determine the amount to which she is entitled.

It appears in evidence that at the death of the testator, John F. Walker, Sr., the land devised to his son was encumbered by a mortgage executed by himself and wife in favor of Otto Gunther, for one thousand dollars. This mortgage debt was paid by the devisee, John F. Walker, Jr., and was released by Gunther's administratrix on the 16th day of February, 1872, and it further appears by the testimony, that the money borrowed from the appellant, and for which the property was mortgaged to the latter, was used in paying Gunther's mortgage; and the appellant contends that it is entitled, by subrogation, to the benefit of the mortgage lien held by Gunther, for the purpose of diminishing the charge of the appellee against the land.

If the appellant had taken an assignment of Gunther's mortgage, this claim on its part would be well founded; but the incumbrance upon the property having been paid by the devisee, and having been released, the same cannot inure to the benefit of the appellant, a stranger to that transaction. Under these circumstances, the principle of subrogation does not apply. *Woollen vs. Hillen,* 9 *Gill,* 185; *Alderson vs. Ames & Day,* 6 *Md.,* 52; *Neidig vs. Whiteford,* 29 *Md.,* 178; *Heuisler vs. Nickum,* 38 *Md.,* 270.

The appellant, having afterwards purchased the property took it subject to the charge under the will in favor of the appellee, unaffected by the lien of Gunther's mortgage, which had been extinguished.

It appears from the evidence that the gross rental value of the property is $175 *per annum,* and the Circuit Court allowed to the appellee the whole of this sum, or $14.58⅓ per month, and decreed the payment of the same and the arrearages at that rate.

In this we think there was error. The taxes and necessary repairs of the property ought first to be paid out of the rent, and the allowance to the appellee, even if it embraced the whole rental value of the land, would have to

be abated to that extent. There is much conflict in the testimony upon the question of what would be a just and reasonable allowance for the support and maintenance of the appellee.

Upon a consideration of the whole evidence, we think one hundred and fifty dollars *per annum*, or $12.50 per month, looking to the net rental value of the land, is a fair, just and reasonable allowance, and that the arrearages ought to be estimated on that basis.

To the end that the decree of the Circuit Court may be modified in conformity to these views, the same will be reversed and the cause remanded; each party to pay one-half the costs of this appeal.

*Reversed and remanded.*

(Decided 16th July, 1879.)