## KINGAN PACKING ASSOCIATION *vs.* ANNIE E. LLOYD *et al.*

*Act of 1906, Chap. 337, Providing for the Redemption Under a Petition in Equity of Ground Rents Held by the Trustee or Life Tenant—Constitutional Law— Title of Statute.*

The Act of 1906, Chap. 337, provides that whenever a ground rent reserved by any lease becomes redeemable, and the title to the rent is held by a trustee without power of sale, or by a life tenant with remainder over, or by a holder of a defeasible estate, in such case, a Court of Chancery, upon petition of such owner of the rent, or of the owner of the leasehold who is entitled to redeem it, after notice to such trustee or life tenant, may order the conveyance of the reversion to the owner of the leasehold, upon the payment of the sum of money for which the rent may be redeemable, which conveyance shall vest in the grantee the title of all other persons having interests in the rent, vested or contingent. It is also provided that the persons beneficially interested in the rent, other than the trustee or life tenant, need not be made parties to the proceeding, and that the money paid for the rent shall be invested under the direction of the Court so as to enure in like manner to the benefit of those entitled to the rent. *Held,* that this statute does not deprive the persons, other than the trustee or

life tenant, interested in the rent of their property without due process of law; that these persons are parties to the proceeding because they are represented by the trustee or life tenant; that the effect of the decree is merely to change the investment, and that therefore the statutue is constitutional and valid.

*Held,* further, that the statute applies to the redemption of the ground rent when the title to only part of it is held by a trustee.

*Held,* further, that the provision in the Act directing the costs of the proceeding to be taken out of the money paid for the redemption of the rent does not impair the obligation of the contract made by the lease creating the rent.

The title of the Act of 1906, Chap. 337, is "An Act to add an additional section to Art. 16, of the Code of 1888 of Public General Laws of Maryland, title 'Chancery,' sub-title 'Trustees,' to come in after sec. 215, and to be known as sec. 215 A." The Act provided for the redemption, under a chancery proceeding, of ground rents held by trustees or life tenants. *Held,* that the title of this Act is in compliance with Constitution, Art. 3, sec. 29, which provides that the subject of every law shall be described in its title.

*Decided June 29th, 1909.*

Appeal from the Circuit Court of Baltimore City (HEUIS-LER, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS and WORTHINGTON, JJ.

*Henry C. Kennard,* for the appellant.

*Charles McH. Howard* (with whom was *Edwin Eareckson, Jr.,* on the brief), for the appellee.

SCHMUCKER, J., delivered the opinion the Court.

This appeal raises the question of the constitutionality of Chapter 337 of the Acts of 1906. The purpose of that Act is to provide a simple proceeding for the redemption of ground rents when their title is vested in trustees, or life tenants or holders of a defeasible estate who have no power of sale.

The provisions of the Act material to the present controversy are that "whenever a ground rent reserved by lease or sublease heretofore or hereafter created becomes redeemable" and the owner of the leasehold estate out of which the rent issues desires to redeem the same, "and at the time of such desired redemption the title to said rent is vested in a trustee under a will, deed or other instrument for any trust, use or purpose, but without a power of sale in such trustee, or is vested in a life tenant with remainder over, vested or contingent, or is vested in the holder of a defeasible estate but without a power of sale in such life tenant or such holder of a defeasible estate, any Court of chancery having jurisdiction in the city or county" where the land subject to the rent lies "may, upon the *ex parte* petition of such trustee, life tenant or holder of a defeasible estate, or upon petition of the owner of the leasehold or sub-leasehold who is entitled to redeem and, after notice by service of process upon such trustee, life tenant, or holder of a defeasible estate" (or by order of publication if he be a non resident), "order the conveyance of the reversion or sub-reversion and rent or sub-rent in such land by such trustee or life tenant or holder of a defeasible estate to the owner of the leasehold or sub-leasehold interests therein, upon the payment of the sum of money for which the said rent or sub-rent may be redeemable, together with a due proportion of the accruing rent to the date of such payment."

The Act then declares that a conveyance of the rent made under such an order of Court shall when duly recorded vest in the grantee not only the title of the trustee, life tenant or owner of a defeasible estate who makes the deed but also "of

all other persons who are or may be entitled to any right, title, interest or estate in and to such reversion or sub-reversion, rent or sub-rent, either at law or in equity, and whether such person or persons so entitled may have vested or contingent interests therein, or whether such persons or any of them are or are not in being at the date of such redemption," and that the grantee shall not be liable to see to the application of the redemption money. It is further provided that it shall not be necessary to make parties to the petition to be filed under provisions of the Act, any persons "beneficially interested in the subject-matter" thereof, other than such trustee, life tenant or holder of a defeasible estate, who shall represent for the purposes of the proceedings upon the petition all parties interested in the subject-matter thereof. The trustee, life tenant or holder of a defeasible estate who may be authorized in any such proceeding to convey the rent to the leaseholder and collect the redemption money, is required to give bond for the faithful discharge of his duty, unless he has been excused from doing so by the instrument creating the trust, and to account for the money to the Court which is directed to require it to be so invested as to be held, in the place and stead of the redeemed reversion, and rent "so as to enure in like manner to the benefit of the persons entitled to said reversion and rent." The Act also authorizes the Court, under certain conditions, to appoint a trustee to execute the deed and receive the redemption money, and provides that the costs of the proceedings be paid out of the redemption money.

This Act is brought to us for construction in the present case under the following circumstances: The appellant owned three contiguous lots of ground on Holliday street in Baltimore which were subject to ground rents created by the same lease, aggregating $120 per annum, which became redeemable at a capitalization of six per cent. amounting to $2,000, on the first day of February, 1909, under the Act of 1888, Chap. 395. The reversionary estate in the lots together with the rents belonged to A. Parlett Lloyd. The appellant notified Mr. Lloyd of his intention to exercise his right of redeeming

the rents and Mr. Lloyd accepted the notice without objection, but died before the actual redemption was made, leaving surviving him a widow and two unmarried sons and also two sisters.    By his will he gave one-third interest in his reversionary estate in the lots with the ground rents issuing therefrom to his wife in her own right for life.    The other two-thirds, together with the remainder in her one-third, he gave to his wife in trust for his two sons for their respective lives with remainders over to their children, with contingent remainder over to the right heirs of the testator.

After the probate of Mr. Lloyd's will his wife as trustee under his will filed in the Circuit Court of Baltimore City a petition under the Act of 1906, Ch. 337, for authority to convey to the appellant by way of redemption the interest which she held as trustee under her husband's will in the ground rents in question.    Having obtained an order of Court for the conveyance and given bond as required by the statute, she, as trustee and in her own right, and the two sons of the testator offered to unite in a conveyance of the rents to the appellant by way of redemption upon receipt of the redemption money.

The appellant desiring to redeem the rents but, being in doubt as to the soundness of the title which it would get to the rents under the proposed deed, declined to accept it and filed the bill in the present case which the appellant's brief informs us was intended to invoke the jurisdiction conferred on the Court by the Act of 1868, Ch. 273.    In the bill, after setting forth the facts stated by us and averring its desire to redeem the rents and readiness to pay the redemption price therefor and its inability to secure a good title thereto under the proposed deed, the appellant prayed for a decree declaring its right to redeem the rents and the appointment of a trustee to receive the redemption money and execute a deed for them.    The widow of Mr. Lloyd in her own right and as trustee, and his two sons, and his two sisters as his heirs at law and also the husband of the one sister who was married

were made defendants to the bill and were by it alleged to be
all of the parties *in esse* interested in the rents.

· The defendants demurred to the bill and the Court sus-
tained the demurrer and dismissed the bill whereupon the
plaintiff appealed.

Without pausing to inquire whether a bill like the present
one by a leaseholder for the redemption of a ground rent
falls within the contemplation of the Act of 1868, Ch. 273,
which was primarily intended to provide for the sale of land
and re-investment of the proceeds of sale upon the applica-
tion of a party interested therein, *because of the advantage
to be derived from the change of investment*—we will proceed
to the consideration of the efficacy of the *ex parte* proceedings
for the redemption of the rents ,taken by Mrs. Lloyd as
trustee under her husband's will in pursuance of the Act of
1906, Chap. 337. Those proceedings are conceded to have
been in conformity with the provisions of that Act and there-
fore the question of its constitutionality is directly presented
by the Record.

The appellant contends that the Act is unconstitutional be-
cause its purpose is not sufficiently described in its title, and
also because the proceeding authorized by it amounts to ᴜ
taking without due process of law of the property of the per-
sons not made parties to it who aⲓe beneficially interested in
the rent to be redeemed. It is further contended that the
Act was intended to apply only to cases in which the entire
estate in the rent was held by a trustee and not to those where
some of the parties interested in the rent held the legal title
to their estate.

The question of the sufficiency of the title to the Act gives
us little difficulty. It is entitled "An Act to add an additional
section to article 16 of the Code of 1888 of Public General
Laws of Maryland, title "Chancery" sub-title "Trustees"
to come in after Section 215 and to be known as Section
215 A." By reference to the Code it will be seen that sec.
215 of Art. 16, relates to the enforcement by Courts of equity
of specific performance of contracts, and section 216 and the

following sections relate to the appointment by such Courts
or by deeds or wills of trustees to sell property and their qual-
ification.   We have several times said that ordinarily it is a
sufficient compliance with the constitutional requirement if
the title of an Act states its purpose to be to add an additional
section to an article of the Code and mentions the numbers
of the article and section.  *Garrison* v. *Hill,* 81 Md. 554;
*Himmel* v. *Eichengreen,* 107 Md. 613.   Bearing in mind
also that we have repeatedly held one of the chief purposes of
sec. 29 of Art. 3 of the Constitution to be that the Legisla-
ture and people of the State may be fairly advised of the real
nature of pending legislation, we find that the contents of the
new section added to the Code by the Act not only relate to
proceedings in chancery but are immediately germane to the
contents of secs. 215 and 216 between which it is placed.
The proceeding provided for by the Act is in the nature of
one for specific performance of a contract and its purpose is
accomplished through the agency of a trustee appointed by
the Court or named in a deed or will.

Turning now to a consideration of the Act itself, it is to be
observed that the proceeding in chancery which it authorizes
is not an adversary one capable of being used for the injury
or destruction of the right of the absent beneficiary.   It is
rather an administrative proceeding furnished by the statute
for the purpose of regulating the exercise by the owner of the
leasehold of his acknowledged right of redeeming the rent.
Its practical operation upon the interests of those who own
the rent, subject to the lessee's right of redemption, is simply
to change their investment, while preserving all of their
rights by fastening them upon the substituted investment.
The feature of the proceeding by which the absent benefici-
ary or remainderman is represented by the trustee or life
tenant who is before the Court is an application of the equit-
able doctrine of representation which is not infrequently util-
ized in chancery proceedings, from considerations of expe-
dition and convenience, and which is said in *Miller's Equity,*
sec. 29, to have become so thoroughly engrafted upon the

general rule regulating the subject of parties in equity that it has been considered as consolidated with the rule itself. *Calvert on Parties,* 19, 20, 64, 74; *Phelps Jur. Eq.,* sec. 45; *Story Eq. Pl.,* sec. 144, etc.

A familiar instance of statutory authority for the representation of absent persons in chancery proceedings is found in sec. 173 of Article 16 of the Code, which provides that in all suits concerning real or personal property where the entire estate sought to be affected is vested in trustees having an immediate and unqualified power of sale such trustees shall represent the persons beneficially interested in the trust and that such persons need not be made parties to the case. Sec. 90 of the same article of the Code, which originated in the Act of 1785, Ch. 72, sec. 4, authorizes a Court of chancery, on the *ex parte* application of any party in interest, to appoint a trustee to sell and convey real or personal estate devised to be sold, whenever no trustee for that purpose was named in the will making the devise or the trustee named in the will for that purpose died or refused to act.

The Acts of 1862, Ch. 156, and 1868, Ch. 273, extended the doctrine of representation to the class of cases therein mentioned by providing that the parties in being interested in the property to be sold should represent all unborn parties and that the latter should be concluded by the decree. The cases of *Downin* v. *Sprecher,* 35 Md. 474, *Shreve* v. *Sreve,* 43 Md. 382 and *Long* v. *Long,* 62 Md. 33, disclose the hardship and inconvenience of dealing with the class of cases covered by the last mentioned statutes before the date of their enactment.

A situation, very closely resembling the one in which the parties to the present case found themselves upon the death of Mr. Lloyd, is relieved in a simple manner by the Act of 1846, Ch. 279, which authorizes the administrator, of a person who makes a sale of real estate and dies before conveying it or receiving the purchase money, to convey the land to the purchaser upon receipt of the purchase money and further provides that the deed so made by the administrator shall convey

the title of the intestate in the land as effectually as his own deed would have done. In such a case, but for the statute, it would have been necessary for the purchaser to have proceeded by a bill in equity against the heirs at law of his intestate vendor in order to procure a conveyance of the land. In fact that statute upon its face declared that it was enacted in view of the fact that "the costs attending the making of title through Courts of equity are heavy and grievous to be borne."

The several statutes to which we have referred have been in force for many years and the title to much property of great aggregate value has passed by means of proceedings conducted under their authority. Not only has their constitutionality never been called in question but this Court has in different cases recognized the fact that the Acts of 1862, Ch. 156, 1868, Ch. 273, 1785, Ch. 72, sec. 4, conferred upon Courts of equity power and jurisdiction, which they did not theretofore have, to effectively entertain the several proceedings therein provided for. *Long* v. *Long, supra; Dunnington* v. *Evans,* 79 M. 83; *Downes* v. *Long,* 79 Md. 382; *Noble* v. *Birnie,* 105 Md. 80; *Wright* v. *Williams,* 93 Md. 66.

We have not thought it necessary in this case to enter into a discussion of the meaning and operation of the constitutional prohibition of taking property without "due process of law" because we regard the doctrine of representation, in cases falling properly within its operation, as well established whether it be regarded as an exception to the general rule that all persons interested in the object of a suit must be made parties to it, or the absent person be regarded as in Court through his representative. We regard the proceeding now under consideration by us as not only within the plain letter of the Act of 1906, but also within the principles on which the doctrine of representation is founded. The sons and heirs at law of Mr. Lloyd were alive and well aware of the proceeding and were therefore bound by it under the rulings in *Parr* v. *State,* 71 Md. 235, and *Albert* v. *Hamilton,* 76 Md. 304. Furthermore they offered to unite in the deed of the rent to the appellant. The unborn grandchildren of

Mr. Lloyd, the testator, if any such should come into existence, will not have been injured because they would take the contingent estate, given to them by the will, in the rent subject to the leaseholder's right to redeem it at anytime upon the same terms upon which the appellant may now redeem it. It would be impossible to make unborn persons parties to a case otherwise than by representation. Under the bill filed in this case by the appellant the unborn parties would be bound only because of the provisions of the Act of 1868, Ch 273, which treats them as being represented by the presence in the case of the parties *in esse* interested in the case. They were as fully bound by representation through the presence of Mrs. Lloyd as trustee in the proceeding by her under the Act of 1906.

We cannot concede the soundness of the appellant's contention that the Act of 1906, does not apply to the redemption of a ground rent when the title to only an undivided portion of it is held by a trustee. The operation of the Act is not limited in terms to cases where the entire estate in the rent is held by a trustee. The mischief which it is intended to cure exists as fully in the case of the ownership by a trustee of a part interest in such a rent, as it does where the trust extends to its entire estate. It is not be presumed that the Legislature intended by the enactment of the statute to afford a remedy for a part only of the evil at which it was aimed. The law should receive a construction which will fully accomplish the purpose of its makers. *Johnson* v. *Heald,* 33 Md. 352; *Roland Park Co.* v. *State,* 80 Md. 448.

The provision of the Act of 1906, directing the costs of the proceeding authorized by it to be taken out of the money received for the redemption of the rent cannot be regarded as impairing the obligation of the contract made by the lease creating the rent. It does not appear from the Record that the lease contained any contract in reference to the redemption of the rent reserved by it. The rent was redeemable by virtue of the Act of 1888, Ch. 395 (Code, Art. 21, sec. 88), which was in force when the lease was made. That Act is

silent in reference to the costs of redemptions of rents to be made under its provisions, and there is no allegation in the bill of complaint of the existence of any contract between the parties upon the subject or of any facts from which the existence of one could be reasonably inferred. Even if the statute had contained the provision, often found in leases creating redeemable ground rents, that the deed of redemption would be made at the cost of the lessee it could not fairly be construed as intending to impose upon him the expenses of an equity proceeding made necessary solely by the manner in which the owner of the rent had tied up its title in his will.

Being of the opinion that the deed tendered to the appellant by Mrs. Lloyd and her sons would convey to it a good title to the ground rents mentioned in the proceedings, and that therefore the demurrer to the bill of complaint was properly sustained we will affirm the decree appealed from.

*Decree affirmed with costs.*