McCRORY STORES CORPORATION *v.* FRANK L. BENNETT, TRUSTEE.

[No. 2, October Term, 1930.]

*Decided November 14th, 1930.*

The cause was argued before BOND, C. J., URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Alexander Armstrong* and *John Henry Lewin,* with whom were *H. Vernon Eney* and *Armstrong, Machen & Allen* on the brief, for the appellant.

*Robert Brindle,* with whom was *Harry Brindle* on the brief, for the appellee.

SLOAN, J., delivered the opinion of the Court.

This is an appeal from a decree dismissing a bill for the redemption of the rent under a lease from the appellee, Frank L. Bennett, trustee, to John G. McCrory, who assigned the lease to McCrory Stores Corporation, appellant.

It is the second time the lease has been before this court, the first being in the case of Sarah H. Beeler and others against the appellant, reported in 155 Md. 456. The bill in the former case was filed by Sarah E. Beeler, Lou M. Seamon, and Edith Dillon, *cestuis que trustent* under the will of their mother, Louise Bennett, to cancel and annul a lease which had been made to John G. McCrory by their brother, Frank L. Bennett, trustee, for the term of eighteen years beginning April 1st, 1911, and ending March 31st, 1929, with the right to a renewal for an additional term of ten years. The bill in that case was filed August 23rd, 1926, when the lease had about two and a half years to run. The chancellor decreed the cancellation and annulment of the lease. On appeal, this court approved the lease for the term of eighteen years, and disapproved the provision for renewal, and the Circuit Court for Washington County passed a decree on October 8th, 1928, in accordance with the opinion of this court in 155 Md. 456. Thereafter, and more than one month before the time therein named, the appellant gave notice in writing to Frank L. Bennett, trustee, and to all living parties in interest, pursuant to the Act of 1900, ch. 207, sec. 85a (Code, art. 21, sec. 95), "that on the 5th day of March, 1929, at the office of Frank L. Bennett, trustee, in Hagerstown, Maryland, it" would "redeem the rent reserved in a certain lease made the 14th day of July, 1910, by and between Frank L. Bennett, trustee under the will of Louise Bennett, as

lessor, and John G. McCrory, as lessee"; for the property described in the lease, and at that time and place the Mc-Crory Stores Corporation, lessee, would "tender to the lessor the sum of thirty-five thousand dollars, being a sum equal to the capitalization at the rate of six per cent. per annum of the rent reserved under said lease (twenty-one hundred dollars per year)," and would "then and there demand that a good and sufficient deed in fee simple of the reversion of the said leased premises be executed and delivered by the lessor to the McCrory Stores Corporation at its expense." The tender of the money and the execution of a deed were refused by Frank L. Bennett, trustee, and thereupon a bill was filed by the appellant against him, wherein it was prayed that the appellee, Frank L. Bennett, trustee, be ordered to make the conveyance of the land in fee upon payment of the redemption money, and it is from a decree dismissing the bill this appeal is prayed.

The appellant's contention is that when the decree of the Circuit Court of October 8th, 1928, was passed in accordance with the opinion in 155 Md. 456, approving the lease from Frank Bennett, trustee, to John G. McCrory, for the term beginning April 1st, 1914, and ending March 31st, 1929 (and disapproving·the provision for a renewal for an additional term of ten years to March 31st, 1939), the appellee then had a redeemable rent under the provisions of section 95 of article 21 of the Code (Act of 1900, ch. 207, sec. 85a), and on this theory gave notice to Frank Bennett, trustee, his surviving sisters and all of the grandchildren of Louisa Bennett, the decedent, of its intention to redeem the rent reserved by the lease and demanded a conveyance of the fee in the lot described in the lease.

The lease was made by a trustee appointed by a will, who had been subjected, on his own petition, to the jurisdiction of the Circuit Court for Washington County. When the lease was made, it was not submitted to the court for its approval, and was not brought to its attention until after twelve years of the lease had expired, when the three sisters of the trustee, who, with him, were the beneficiaries for life under

the will, filed a petition for the cancellation of the lease. The case was heard and decided by the chancellor in 1928, who disapproved and cancelled the lease. On appeal to this court it was held that the lease be approved for the term of eighteen years from April 1st, 1914, ending March 31st, 1929, and that the provision for a renewal be cancelled and the lessee not required to make the improvements provided for in the lease. While the opinion did not discuss the question of the right of the lessee to a redemption of the rent, the only inference to be drawn from it is that it contemplated the ending of the contractual relations between the appellant and appellee on March 31st, 1929, and the surrender of the leased premises on that day.

While the lease, under the decision of this court, was approved for the original term *nunc pro tunc*, the appellant was not bound to accept it. The provision for a renewal was expressly disapproved, and, inasmuch as it was one of the provisions of the original agreement, the appellant could have said it did not care to go on unless the option, which it had already notified the trustee it intended to exercise, had been preserved. There was no intimation in the opinion of this court that the acceptance by the appellant should relate to the day of the execution of the lease, nor could it have had any different effect if we had said so.

The statute (Code, article 21, section 95) provides that "all rents reserved by lease or sub-leases of land, hereafter made in this state for a longer period than fifteen years, shall be redeemable at any time after expiration of five years from date of such leases or sub-leases, at the option of the tenant, after a notice of one month to the landlord for a sum of money equal to the capitalization of the rent reserved at a rate not exceeding six per centum." Under this statute the lessee cannot exercise his option to redeem until after the expiration of five years from the date of the lease, and under the decisions of this court in *Maryland Theatrical Corporation v. Manayunk Trust Co.,* 157 Md. 602; *Marburg v. Mercantile Bldg. Co.,* 154 Md. 148; *Brager v. Bingham,* 127 Md. 148; *Swan v. Kemp,* 97 Md. 686, and *Stewart v. Gorter,* 70

Md. 242, in any lease which is redeemable, the right of redemption can be exercised at any time after five years from its date at the capitalization of the rent reserved at the time of the application.

The appellant followed the procedure prescribed in section 266 of article 16 of the Code (Act of 1906, ch. 337), which in part is as follows: "Whenever a ground rent reserved by lease or sub-lease heretofore or hereafter created, is now redeemable or hereafter becomes redeemable, and the owner of the leasehold or sub-leasehold estate, subject to said rent, may desire to redeem the same, and at the time of such desired redemption the title of said rent is vested in a trustee under a will, deed or other instrument for any trust, use or purpose, but without a power of sale in such trustee, or is vested in a life tenant with remainder over, vested or contingent, or is vested in the holder of a defeasible estate but without a power of sale in such life tenant or such holder of a defeasible estate, any court having chancery jurisdiction in the city or county where the land is situated, out of which said rent is payable, may, upon the *ex parte* petition of such trustee or life tenant or holder of a defeasible estate, or upon the petition of the owner of the leasehold or sub-leasehold who is entitled to redeem and after notice by service of process upon such trustee or life tenant, or holder of a defeasible estate, or after notice by publication of (if) such trustee or life tenant or holder of a defeasible estate be a non-resident, order the conveyance of the reversion or sub-reversion and rent or sub-rent in such land by such trustee or life tenant, or holder of a defeasible estate to the owner of the leasehold or sub-leasehold interests therein upon the payment of the sum of money for which the said rent or sub-rent may be redeemable, together with the due proportion of the accruing rent to the date of such payment."

It will be observed that this act says nothing about the kind or quality of rent which may be redeemed, but only provides the procedure for the redemption of "a ground rent reserved by lease or sub-lease heretofore or hereafter created," which "is now redeemable or hereafter becomes redeemable," the

title to which has become vested, without a power of sale, in a trustee, life tenant with remainder over, or holder of a defeasible estate under any will, deed or other instrument for any trust, use or purpose. To entitle the owner of a lease to invoke this statute his lease must come under the provisions of sections 94, 95, or 99 of article 21 of the Code, or the Act of 1914, ch. 371 (the Act of 1914 as amended being section 99 of article 21), and this raises the question as to whether Frank L. Bennett, trustee under his mother's will, had the power to execute a lease which his lessee would have the right to redeem. Sections 94, 95, and 99 of article 21 do not mention the character of holding necessary to create a redeemable rent, but the only inference to be drawn from them is that such a lease must be made by one capable of conveying title to the land, the first clause of section 95 applying to "all rents, reserved by leases or sub-leases of lands," and whatever right of redemption the appellant had is derived from this section, or else it has none. Section 266 of article 21 does not pretend to define the character of lease which may be redeemed. "It is rather an administrative proceeding, furnished by the statute for the purpose of regulating the exercise by the owner of the leasehold of his acknowledged right of redemption of the rent." *Kingan Packing Association v. Lloyd,* 110 Md. 619, 625.

It is well settled by the decisions of this court that a trust is measured by the objects and purposes of the trust, and that it shall not be carried farther than the execution of the trust requires. *Long v. Long,* 62 Md. 33, 65; *Small v. Small,* 90 Md. 550, 564. In *Lee v. O'Donnell,* 95 Md. 538, 545, this court said: "The rule of law is well settled that where no intention to the contrary appears, the language used in creating the trust estate will be limited and restrained to the purposes of its creation and when they are satisfied the estate of the trustee ceases to exist and his title becomes extinct. The extent and duration of the estate are measured by the objects of its creation." *Brillhart v. Mish,* 99 Md. 447, 459; *Brown v. Reeder,* 108 Md. 653, 659; *Potomac Lodge v. Miller,* 118 Md. 405, 417. Under no circumstances may leases

be unreasonably extended beyond the time of the trust or life estate. *Sweeney v. Hagerstown Trust Company*, 144 Md. 612, 618.

By the seventh item of her will, Louisa Bennett directed that the residue of her estate, of which the property here involved is a part, "shall be held in trust by" her "said executor and the rents, income and profits arising therefrom after paying all taxes, repairs and expenses, shall be equally divided among" her "other four children, namely, Sarah Eliza Beeler, Lulu Marie Keyser, Frank Leeds Bennett and Edith Dillon, so long as any of them may remain living." The will also says: "Upon the death of all my said children, I will and direct that all my real estate shall be sold and my entire estate settled up, and distribution thereof be made to all my grandchildren," etc.; and Frank Leeds Bennett, the appellee, was appointed executor. No provision is made for the executor to sell the property; that cannot be done until he and his sisters have died. Unless Frank Bennett survives all his sisters, one of whom died while the first case was pending, the trust may outlive him and the court may be called upon to appoint a trustee to carry on the trust until the last of the four *cestius qui trustent* shall die, and then a decree will be necessary before the sale directed by the will can be made.

If this court were to yield to the contention of the appellant, that it has a redeemable rent, it would confer upon Frank L. Bennett, as trustee, a power which his mother did not grant him, namely, the power to sell and convey. His is the authority to manage the property so long as he or any of his sisters lives, and with the death of the last survivor of them the trust ends. Thus is all authority under the will to be measured, and this does not include the power of the trustee to execute a redeemable rent.

In the opinion of this court, section 95 of article 21 of the Code has no application to the lease involved in this appeal, and the decree of the Circuit Court for Washington County is approved.

*Decree affirmed, with costs.*