JOHN FRANCIS WILSON ᴇᴛ ᴀʟ. *v.* ANNIE A. BARNES, ᴇᴛ ᴀʟ.

[No. 52, October Term, 1933.]

*Decided January 10th, 1934.*

The cause was argued before Bᴏɴᴅ, C. J., Pᴀᴛᴛɪsᴏɴ, Uʀɴᴇʀ, Aᴅᴋɪɴs, Dɪɢɢᴇs, Pᴀʀᴋᴇ, and Sʟᴏᴀɴ, JJ.

*Robert E. Kanode,* with whom were *Godfrey Child* and *J. Paul Rocklin,* on the brief, for the appellants.

*James M. Crockett* and *Wilson King Barnes,* for the appellees.

65

Pattison, J., delivered the opinion of the Court.

In the early part of the year 1927, Ella L. Wilson, of Worcester County, Maryland, died seised and possessed of considerable real and personal property, after first having made her last will and testament, in which are found the following provisions:

"Item 1. My home, by which I mean my house and lot in Pocomoke City, Maryland, bounded by Market, Second and Vine Streets and on the northwest by the Lloyd lot, I give and devise unto my daughter, Annie K. Barnes, my daughter, Ella M. Wilson, my son John Francis Wilson, and my grandson, Wilson King Barnes, son of the above named Annie K. Barnes, to have to hold the same as tenants in common, in fee simple; but, as I dispose of this property in this manner mainly for the purpose of having this house and lot preserved and kept intact as long as possible after my death as a home for my children and grandchild, above named, the said property, nor any part thereof, nor any right, share or interest therein, shall be sold or conveyed away by my said devisees, or any or either of them, or the heir or heirs of either of them, during the lifetime of either of my said devisees. And either or any of my said devisees, or their heirs, attempting to sell, grant or convey the same during the time specified shall forfeit their respective share, shares or interest therein. And if either or any of said devisees shall attempt to annul or set aside this will, he, she or they shall forfeit all devises and legacies to him, her or them hereunder."

"Item 4. It is my purpose to so fix the life insurance on my life, either by assigning the same or by having a beneficiary specially named in each policy, that by far the most of said insurance money will not come into or become a part of my estate, but will be paid to the respective beneficiaries direct. A few of my policies, however, I shall leave payable to my executors, administrators or assigns; and I do so for the express purpose of creating a fund for the payment of my debts and a trust fund to aid in keeping up the

expense of maintaining the house and lot in Pocomoke City, Maryland, wherein I now reside (it being the same property devised in Item 1 above) for a reasonable time in the future as a home for my children. Therefore, after the payment of my just debts I give and bequeath all the life insurance money which shall come into my estate from policies on my life, not to exceed, however, the sum of fifteen thousand dollars ($15,000.00), to John Francis Wilson and Wilson King Barnes, above named, in trust and confidence, however, to invest and reinvest the same from time to time in securities deemed safe, but interest bearing, and to apply the income derived therefrom, less the usual commissions, at least yearly, but if practical oftener, to the payment, so far as said income will go, of the taxes, insurance, repairs and upkeep of my said home house and lot, in Pocomoke City, so long as, and only so long as any two persons of the above mentioned Annie K. Barnes, Ella M. Wilson, John Francis Wilson and Wilson King Barnes shall survive and be living, and upon the death of the third to die of the said four persons to pay over the entire corpus of said trust fund, including any accrued interest or income therefrom, to the last survivor of the said four persons, and the heirs of the other three of the said four persons, in equal shares, per stirpes (not per capita), in whom the said trust fund shall vest absolutely in possession and the trust be terminated."

On September 20th, 1932, John Francis Wilson and wife, the appellants, filed their bill asking for the sale of the lands mentioned in Item 1 of the will of Ella L. Wilson, for the purpose of partition. A demurrer was filed to the bill by the appellees Annie K. Barnes, Ella M. Wilson, and Wilson K. Barnes, individually and as trustee under the will of Ella J. Wilson, deceased. The court sustained the demurrer and dismissed the bill. It is from that action of the court that the appeal in this case was taken.

The application for the sale of the property for the purpose of partition was made upon the assumption that the restric-

tions following the devise in fee simple were repugnant to the nature and quality of that estate, and the restrictions null and void.

The appellees contend that the restriction or provision that the property devised, a house and lot in Pocomoke City, should be "preserved and kept intact as long as possible," after the testator's death, or so long as any of the devisees should be living, "as a home for her children and grandchild," and that the prohibition against the sale by any of the devisees of any of their shares therein during the period of time mentioned, do not fall within the principle of law governing and controlling the disposition of estates by deed or will in cases of repugnancy.

It is said by Mr. Miller, in his work entitled *Construction of Wills,* page 858, sec. 306: "In several cases testators have provided that persons designated by them should have a home upon lands devised by them; or that such persons should have a support from the devisee or the property devised. In these cases questions have arisen as to the nature of the rights given and duties imposed by the testator; and it is in general held that such a right is a charge upon the land devised. The charge is in force not only while the land is in possession of the original devisee, but follows the land through all subsequent alienations." See *Donnelly v. Edelen,* 40 Md. 117, 121; *Meakin v. Duvall,* 43 Md. 372, 378; *Ogle v. Tayloe,* 49 Md. 158, 173; *Gardenville Assn. v. Walker,* 52 Md. 452, 454; *Downes v. Long,* 79 Md. 382, 387, 29 A. 827; *Rebecca Owings' Case,* 1 Bland, 290, 296; *In re Ritter,* 148 Md. 127, 137, 128 A. 765. This is now the well-established law of this state.

In this case, however, there is the additional provision in the nature of a repugnancy which prohibits the alienation by any of the devisees of his or her share in the estate devised in fee during the period stated in the will. This provision of the will, the appellants contend, is null and void because in restraint of alienation.

The intention of the testator as to the disposition of her estate is made clear by the language used. It was her will

and desire that, after her death, the house and lot in Pocomoke City, in which she and her children and grandchild lived at the time of the execution of the will by her, should continue to be the home of the devisees so long as any of them lived, and to aid in accomplishing this she created, in the fourth item of her will, a fund whereby the interest or income therefrom should be applied by the trustees therein named to the payment, as far as it would go, "of the taxes, insurance, repairs and upkeep of said house and lot for the period named therein." And as further showing her will in respect thereto, she went so far as to prohibit the alienation by any of the devisees of his or her share in the property devised during the time specified therein, and to provide in her will that should they attempt to do so they would forfeit their respective shares or interest in the property.

It will thus be seen that there can be no doubt as to the intention of the testator. It was made plain and certain by the language used that the house and lot then occupied by her and her children and grandchild as a home should continue after her death to be so used for the time mentioned in her will. If we are to ignore the intention of the testator and adhere strictly to the rule mentioned, it would result in the defeat of her intentions. Is this to be done? Is the rule to be so strictly adhered to when it clearly defeats the intentions of the testator, and when its breach does not affect, as in this case, any public policy or create any public inconvenience?

This court, in *Pratt v. Sheppard & Enoch Pratt Hospital,* 88 Md. 618, 42 A. 51, 52, speaking through Judge McSherry, said:

"If, without first finding from the four corners of the instrument what the testator's purpose or intention really was, we turn for its ascertainment to the multitude of adjudged cases wherein the words he has used have been given a meaning in other wills, his design may be easily frustrated, and, though perfectly plain in itself, might, and most probably would, be so shrouded in obscurity as to be hopelessly unintelligible. It is not meant by what has just been said to

intimate that there are no established or recognized rules or canons of construction to which resort may be had, in cases of doubt or difficulty, to solve a seeming uncertainty. These rules or canons are invoked, not to defeat, but to give effect, when possible, to the expressed intention. To avoid misunderstanding, it may not be amiss to remark that we distinguish between rules of construction, which are appealed to with a view of upholding an intention, and rules of policy or of property, which cannot be disregarded, even though they defeat the most clearly stated purpose.

"If we lay out of view for the moment all canons of construction, and critically read the words of the clause in controversy (for the simplest and most obvious method of discovering the intention of a testator is to read the language he has employed to give expression to that intention), his purpose is clearly manifested; and if that purpose, thus declared, does not invade some rule of property, or is not repugnant to some settled policy of the law, it ought to, and certainly will, prevail." *Schlotzhauer v. Kummer,* 149 Md. 583, 132 A. 53.

There was no doubt or uncertainty as to the meaning or intention of the testator as to the disposition of the property here involved, and there was no necessity of invoking the rule to solve a seeming uncertainty. On the contrary, to apply the rule would defeat rather than aid in the ascertainment of the testator's intentions.

Supported by the above-quoted authority, we are of the opinion, upon the facts and circumstances of this case, that the provision prohibiting a sale by any of the devisees within the prescribed limit of the provisions of the will is not to be disregarded and the same held null and void. And after the many decisions of this court, the validity of a condition providing a home or support for another upon an estate devised in fee cannot now be successfully assailed.

The court in our opinion committed no error in passing the order dismissing the bill, and the order will therefore be affirmed.

*Order affirmed, with costs.*